IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT,
TYRIN PACHECO,

     Plaintiffs,

                                   No. 2:25-cv-00110 DLM/GBW

v.

THE CITY OF HOBBS,
MATTHEW OLENICK,
ANDREW LANE,
ALEJANDRO RIVAS,
VALERIE CHACON, and
THE FIFTH JUDICIAL
DISTRICT ATTORNEY'S
OFFICE,

     Defendants.

## DEFENDANTS CITY OF HOBBS, MATTHEW OLENIK, ANDREW LANE, ALEJANDRO RIVAS, AND VALERIE CHACON'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants City of Hobbs (the "City"), Matthew Olenik, Andrew Lane, Alejandro Rivas, and Valerie Chacon (collectively "City Defendants"), by and through counsel of record MYNATT SPRINGER, P.C. (Blaine T. Mynatt and Bradley A. Springer) hereby submit their Answer to Plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

1. City Defendants deny the allegations contained in Paragraph 1 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

2. City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 2 and 3 of the Complaint and, therefore, deny the same.

3. City Defendants admit the allegations contained in Paragraphs 4, 5, 6, and 7 of the Complaint.

4. City Defendants admit Valerie Chacon was previously the Hobbs city attorney and that Ms. Chacon has acted as a special assistant district attorney for the Fifth Judicial District Attorney's Office but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained in Paragraph 8 of the Complaint and, therefore, deny the same.

5. City Defendants admit the allegations contained in Paragraphs 9, 10, 11, 12, and 13 of the Complaint.

**STATEMENT OF FACTS**

6. City Defendants admit Gerhardt crashed her car into a mailbox and a parked car in a residential area as she drove to work but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny the same.

7. City Defendants deny Gerhardt had not been drinking or taking drugs before the incident and are without knowledge or information sufficient to form a belief as to the balance of the allegations contained in Paragraph 15 of the Complaint and, therefore, deny the same.

8. City Defendants admit the allegations contained in Paragraph 16 of the Complaint.

9. City Defendants admit the car's airbags deployed as alleged in Paragraph 17 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

10. City Defendants admit the allegations contained in Paragraphs 18, 19, 20, 21, 22, and 23 of the Complaint.

11. City Defendants deny the allegations contained in Paragraph 24 of the Complaint.

12.     City Defendants admit the allegations contained in Paragraphs 25 and 26 of the Complaint

13.     City Defendants admit Ofc. Olenik provided instructions to Plaintiff on the standard field sobriety tests ("SFSTs") and that Gerhardt was crying as alleged in Paragraph 27 of the Complaint but deny the balance of the allegations contained therein and, therefore, deny the same.

14.     City Defendants admit Gerhardt voiced her frustration with the SFSTs to the officers as alleged in Paragraph 28 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

15.     City Defendants admit Ofc. Olenik told Ofcs. Lane and Rivas that Gerhardt did not really have nystagmus before advising that he noticed mild nystagmus and that nystagmus can include but is not limited to rapid, rhythmic eye movement indicating intoxication as alleged in Paragraph 29 of the Complaint but denies the balance of the allegations contained therein.

16.     City Defendants admit the allegations contained in Paragraphs 30 and 31 of the Complaint.

17.     City Defendants admit Ofc. Olenik mentioned Gerhardt's head injury and mild nystagmus as alleged in Paragraph 32 of the Complaint but denies the balance of the allegations contained therein.

18.     City Defendants admit Ofc. Olenik made the statement that he "didn't really have anything else" to support a DWI charge referring to Gerhardt's mild nystagmus, a sweet smell, and that "everything else" he saw was more like Gerhardt was "annoyed that she had to go through [the SFSTs]" as alleged in Paragraph 33 of the Complaint but deny the balance of the allegations contained therein.

19.     City Defendants admit Ofc. Lane shared his observations supporting his belief that Gerhardt was impaired and that Lane admitted smelling a sweet smell to which Ofc. Olenik responded that he didn't "smell anything, that's the problem" as alleged in Paragraph 34 of the Complaint but deny the balance of the allegations contained therein.

20.     City Defendants admit Ofc. Lane told Ofc. Olenik that Gerhardt failed to stay in the starting position, did not do the turn around correctly, did not complete the second set of steps, and did not follow instructions and that Lane's point was not that Gerhardt's balance was impaired as alleged in Paragraph 35 of the Complaint but denies the balance of the allegations contained therein.

21.     City Defendants admit Ofc. Olenik arrested Gerhardt for driving while under the influence of intoxicating liquor ("DWI") as alleged in Paragraph 36 of the Complaint but denies the balance of the allegations contained therein.

22.     City Defendants admit the allegations contained in Paragraph 37 of the Complaint.

23.     City Defendants deny the allegations contained in Paragraph 38 of the Complaint.

24.     City Defendants admit Ofc. Olenik signed the criminal complaint against Gerhardt for DWI as alleged in Paragraph 39 of the Complaint but deny the balance of the allegations contained therein.

**B. Officers arrest Gerhardt's boyfriend, Pacheco, because Pacheco annoyed them.**

25.     City Defendants admit officers walked on the sidewalk where Gerhardt's car had left tire marks before hitting the mailbox as alleged in Paragraph 40 of the Complaint but deny the balance of the allegations contained therein.

26.     City Defendants admit HPD officers walked on the sidewalk where the tire tracks were as alleged in Paragraph 41 of the Complaint but deny the balance of the allegations contained therein.

27.     City Defendants admit no physical samples of the track's dirt were taken as alleged in Paragraph 42 of the Complaint but denies the balance of the allegations contained therein.

28.     City Defendants admit the officers did not place caution tape up on scene, that there was no apparent dispute Gerhardt's vehicle caused the tire marks, and that caution tape is generally reserved for serious crimes as alleged in Paragraph 43 of the Complaint but deny the balance of the allegations contained therein.

29.     City Defendants admit Gerhardt insisted that she would give Pacheco her phone after being handcuffed as alleged in Paragraph 44 of the Complaint and denies the balance of the allegations contained therein.

30.     City Defendants admit Pacheco stepped forward crossing onto the area of the sidewalk with the tire tracks toward Ofc. Olenik, Gerhardt, and Sgt. Maxwell as alleged in Paragraph 45 of the Complaint but deny the balance of the allegations contained therein.

31.     City Defendants admit Ofc. Olenik told Pacheco to "hold on" and held out his hand to indicate Pacheco should stop, because Olenik did not want Pacheco interfering with Gerhardt's arrest as alleged in Paragraph 46 of the Complaint but denies the balance of the allegations contained therein.

32.     City Defendants admit Pacheco was on the sidewalk while arguing with officers as alleged in Paragraph 47 of the Complaint but deny the balance of the allegations contained therein.

33.     City Defendants admit Gerhardt told officers to give her father her phone and that Ofc. Olenik gave the phone to Gerhardt's father as alleged in Paragraph 48 of the Complaint but deny the balance of the allegations contained therein.

34.     City Defendants admit the allegations contained in Paragraph 49 of the Complaint.

35.    City Defendants admit Ofc. Olenik stepped aside to speak with Gerhardt's father while Pacheco was still on the sidewalk arguing with officers as alleged in Paragraph 50 of the Complaint and therefore deny the same.

36.    City Defendants admit Sgt. Maxwell told Pacheco he could go and said "if you're just gonna argue…" before Pacheco said he had a right to stand on a public sidewalk as alleged in Paragraph 51 of the Complaint but deny the balance of the allegations contained therein.

37.    City Defendants admit Ofc. Lane and Sgt. Torres told Pacheco to back up, because he was in an accident scene as alleged in Paragraph 52 of the Complaint but deny the balance of the allegations contained therein.

38.    City Defendants admit Sgt. Torres said he "was just asking" Pacheco to move back and "can you move back?" as alleged in paragraph 53 of the Complaint but deny the balance of the allegations contained therein.

39.    City Defendants admit Pacheco and the officers argued and that Pacheco never threatened the officers while he stood on the sidewalk where other officers had been walking as alleged in Paragraph 54 of the Complaint but deny the balance of the allegations contained therein.

40.    City Defendants admit Ofc. Lane and Sgt. Torres handcuffed Pacheco for disobeying lawful orders that he step away from the accident area and for tampering with evidence as alleged in Paragraph 55 of the Complaint but deny the balance of the allegations contained therein.

41.    City Defendants admit Ofc. Lane signed Pacheco's initial criminal complaint implicated some inaccuracies alleged in Paragraph 56 of the Complaint but deny the balance of the allegations contained therein.

42.    City Defendants admit the initial criminal complaint against Pacheco indicated that the area with the tire tracks "was ending processing for the DWI investigation and directly assisted in establishing the vehicles path of travel" as alleged in Paragraph 57 of the Complaint but deny the balance of the allegations contained therein and, therefore, deny the same.

43.    City Defendants admit Pacheco's criminal complaint indicated that he disturbed evidence from the crime scene including the dirt along the pathway of the sidewalk but deny the allegations contained in Paragraph 58 of the Complaint.

44.    City Defendants admit the allegations contained in Paragraph 59 of the Complaint.

45.    City Defendants admit the criminal complaint provided that officers ordered Pacheco to leave the sidewalk as alleged in Paragraph 60 of the Complaint but deny the balance of the allegations contained therein.

46.    City Defendants deny the allegations contained in Paragraphs 61, 62, and 63 of the Complaint.

47.    City Defendants admit the allegations contained in Paragraph 64 of the Complaint.

48.    City Defendants admit Plaintiffs were jailed on charges submitted to the Hobbs Municipal Court as alleged in Paragraph 65 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

**C. The City drops charges against Gerhardt and Pacheco after Gerhardt files a Motion to Suppress**

49.    City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the Complaint and, therefore, deny the same.

50.    City Defendants admit the allegations contained in Paragraphs 67 and 68 of the Complaint.

51.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 69 and 70 of the Complaint and, therefore, deny the same.

52.     City Defendants admit the allegations contained in Paragraphs 71, 72, 73, 74, 75, and 76 of the Complaint.

53.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 77, 78, 79, 80, and 81 of the Complaint and, therefore, deny the same.

**D. Chacon, the City, and the District Attorney's Office conspire to punish Plaintiffs for exercising their rights by prosecuting them again and not telling their attorneys.**

54.     City Defendants admits the allegations contained in Paragraphs 82, 83, and 84 of the Complaint.

55.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of the Complaint and, therefore, deny the same.

56.     City Defendants admit the district court judge entered a December 31, 2024 first appearance for Gerhardt set for January 7, 2025 as alleged in Paragraph 86 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

57.     City Defendants admit the allegations contained in Paragraphs 87 and 88 of the Complaint.

58.     City Defendants deny allegations contained in Paragraph 89 of the Complaint.

59.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 90, 91, and 92 of the Complaint and, therefore, deny the same.

60. City Defendants admit the allegations contained in Paragraphs 93 and 94 of the Complaint.

61. City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95 of the Complaint and, therefore, deny the same.

62. City Defendants deny the allegations contained in Paragraph 96 of the Complaint.

63. City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 97, 98, and 99 of the Complaint and, therefore, deny the same.

64. City Defendants admit Ms. Chacon appeared for the State of New Mexico at the hearing and that a special prosecutor appointment had not been filed as alleged in Paragraph 100 of the Complaint but deny the balance of the allegations contained therein.

65. City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101 of the Complaint and, therefore, deny the same.

66. City Defendants admit Judge Kirksey entered a notice of arraignment for January 14, 2025 as alleged in Paragraph 102 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

67. City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 103 and 104 of the Complaint and, therefore, deny the same.

68. City Defendants admit the allegations contained in Paragraphs 105 and 106 of the Complaint.

69.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of the Complaint and, therefore, deny the same.

70.     City Defendants admit the District Attorney's Office filed an Appointment of Special Prosecutor on January 10, 2025 at 9:54 am which included Chacon and Judge Kirksey's signature on the oath of office as alleged in Paragraph 108 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

71.     City Defendants admit the allegations contained in Paragraph 109 of the Complaint.

72.     City Defendants deny the allegations contained in Paragraphs 110, 111, and 112 of the Complaint.

73.     City Defendants admit Ms. Chacon resigned as city attorney for the City of Hobbs as alleged in Paragraph 113 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

74.     City Defendants deny any malicious intent as alleged in Paragraph 114 of the Complaint but are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein and, therefore, deny the same.

75.     City Defendants admit Ofc. Olenik prepared an amended criminal complaint in Gerhardt's district court case as alleged in Paragraph 115 of the Complaint but deny the balance of the allegations contained therein.

76.     City Defendants deny the allegations contained in Paragraph 116 of the Complaint.

## COUNT I: NEW MEXICO CIVIL RIGHTS ACT, VIOLATIONS OF ARTICLE 2, §§ 4, 10, AND 14 OF THE NEW MEXICAN CONSTITUTION

77.     No response is required in answer to Paragraph 117 of the Complaint. Insofar as a response is required, City Defendants deny the same.

78.     City Defendants admit Paragraph 118 of the Complaint states the law as it exists.

79.     City Defendants admit the allegations contained in Paragraphs 119, 120, and 121 of the Complaint.

80.     City Defendants admit Paragraph 122 of the Complaint states the law as it exists.

81.     City Defendants deny the allegations contained in Paragraphs 123, 124, 125, and 126 of the Complaint.

82.     City Defendants admit Ofcs. Olenik and Lane prepared criminal complaints against Plaintiffs as alleged in Paragraph 127 of the Complaint but deny the balance of the allegations contained therein.

83.     City Defendants admit the allegations contained in Paragraph 128 of the Complaint.

84.     City Defendants deny the allegations contained in Paragraphs 129 and 130 of the Complaint.

85.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 131 of the Complaint and, therefore, deny the same.

86.     City Defendants deny the allegations contained in Paragraph 132 of the Complaint.

87.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 133 and 134 of the Complaint.

88.     City Defendants deny the allegations contained in Paragraphs 135 of the Complaint.

89.     City Defendants admit the allegations contained in Paragraph 136 of the Complaint.

90.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 137 of the Complaint and, therefore, deny the same.

## COUNT II: NEW MEXICO TORT CLAIMS ACT, BATTERY, FALSE ARREST, FALSE IMPRISONMENT, ABUSE OF PROCESS AND MALICIOUS PROSECUTION

91.     No response is required in answer to Paragraph 138 of the Complaint.  Insofar as a response is required, City Defendants deny the same.

92.     City Defendants admit Paragraph 139 of the Complaint states the law as it exists.

93.     City Defendants deny the allegations contained in Paragraphs 140, 141, 142, 143, and 144 of the Complaint.

94.     City Defendants deny wrongful conduct as alleged in Paragraph 145 of the Complaint and are without knowledge or information sufficient to form a belief as to the balance of the allegations contained therein.

95.     City Defendants deny the allegations contained in Paragraphs 146, 147, and 148 of the Complaint.

## COUNT III: 42 U.S.C. § 1983, VIOLATION OF FOURTH AND SIXTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

96.     No response is required in answer to Paragraph 149 of the Complaint.  Insofar as a response is required, City Defendants deny the same.

97.     City Defendants admit Paragraph 150 of the Complaint states the law as it exists.

98.     City Defendants deny the allegations contained in Paragraphs 151, 152, 153, and 154 of the Complaint.

99.     City Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 155 of the Complaint and, therefore, deny the same.

100.    City Defendants deny the allegations contained in Paragraphs 156, 157, 158, 159, and 160 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     City Defendants did not commit any violation of the United States Constitution nor was an alleged violation clearly established to waive their qualified immunity.

2.    City Defendants actions are privileged under New Mexico state law and cannot form the basis for violations under the New Mexico Tort Claims Act.

3.    City Defendants did not commit any violation of the New Mexico constitution to be liable under the New Mexico Civil Rights Act.

4.    Probable cause and reasonable suspicion supported Plaintiffs' detention and arrest, their arrest and prosecutions were reasonable and lawful, and neither the arrest officers nor the City's prosecutors committed any violation of the United States or New Mexico constitutions.

5.    The City's training and supervision of the officers and prosecutors were reasonable and did not reflect deliberate indifference to nor cause any deprivations of Plaintiffs' constitutional rights.

6.    Article II, Section 4 of the New Mexico constitution is not an actionable basis for a claim against a governmental entity or employee. *Morris v. Brandenburg*, 2015-NMCA-100, ¶ 59, 356 P.3d 564.

7.    City Defendants initiation and prosecution of Plaintiffs' charges were reasonable and did not violate the Sixth Amendment or Article II, Section 14 of the New Mexico constitution.

8.    Plaintiffs did not suffer constitutionally recognized prejudice to trigger a violation of the Sixth Amendment or Article II, Section 14 of the New Mexico constitution.

Respectfully submitted,

MYNATT SPRINGER P.C.

BLAINE T. MYNATT
New Mexico Bar No. 9471
HALEY R. GRANT
New Mexico Bar No. 145671
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812
btm@mynattspringer.com
hrg@mynattspringer.com
*Attorneys for Defendants*

## CERTIFICATE OF DELIVERY

I hereby certify that on March 26, 2025, a true and correct copy of the foregoing pleading was served upon the following counsel via email and the CM/ECF File and Serve system:

WGLA, LLP
Benjamin Gubernick
Ben@wglawllp.com

Curtis Waldo
curtis@wglawllp.com
*Attorneys for Plaintiff*