**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALENA GERHARDT,
TYRIN PACHECO,

     Plaintiffs,

vs.                                                    No: 2:25-cv-00110-DLM-GBW

THE CITY OF HOBBS,
MATHEW OLENICK,
ANDREW LANE,
AJEJANDRO RIVAS,
VALERIE CHACON, and THE
FIFTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE,

     Defendants.

**DEFENDANT THE FIFTH JUDICIAL DISTRICT ATTORNEY'S OFFICE AMENDED**
**ANSWER TO PLAINTIFS' COMPLAINT**

     COMES NOW Defendant THE FIFTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,

by and through their attorneys of record, STIFF, GARCIA & ASSOCIATES, LLC (Julia Y.

Parsons, Esq.) and for its Amended Answer to Plaintiffs' Complaint, states as follows:

**PRELIMINARY STATEMENT**

     1.  To the extent a response is required, Defendant Fifth Judicial District Attorney's Office

denies the allegations and characterizations contained in Plaintiffs' Preliminary Statement.

Defendant denies that it engaged in any unlawful conduct or conspiracy and denies that it violated

Plaintiffs' constitutional or statutory rights. Defendant further denies any liability for the conduct

of other Defendants and states that all actions taken by the Fifth Judicial District Attorney's Office

were lawful, in good faith, and within the scope of its legal authority. Defendant denies any

remaining allegations contained in the Preliminary Statement.

## PARTIES, JURISDICTION AND VENUE

2.  Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

3. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

4.  The allegations contained in Paragraph 4 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

5.  The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

6.  The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

7.  The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

8.  Defendant Fifth Judicial District Attorney's Office admits that Valerie Chacon was the City Attorney for the City of Hobbs. Defendant further admits that, at the relevant time, Ms. Chacon was appointed as a Special Assistant District Attorney by the Fifth Judicial District Attorney's Office for purposes of prosecuting certain cases in district court. Defendant affirms that Ms. Chacon's appointment was proper and authorized under applicable statute and longstanding prosecutorial practice, and that she was required to execute an oath of office in connection with her appointment. Defendant clarifies that Ms. Chacon acted independently in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office was not involved in her prosecutorial decisions. Defendant is without sufficient information or belief to admit or deny the allegation that Ms. Chacon is a resident of Lea County, New Mexico, and therefore denies the same. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 8.

Further Answering Paragraph 8, Defendant states that prior to Ms. Chacon's initial appearance in district court, she had already been approved and appointed as a Special Assistant District Attorney and entered into notes in the Fifth Judicial District Attorney's Office's internal case management system as the assigned prosecutor. Although she had not yet been formally sworn in by the court at the time of that initial hearing, the appointment had been issued, and the oath of office was completed and filed shortly thereafter. Defendant denies that this timing rendered her appointment unauthorized and further denies that any actions taken by the Fifth Judicial District Attorney's Office were unconstitutional or unlawful.

9. Defendant states that the allegations in Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that the Fifth Judicial District includes Eddy County, Chaves County, and Lea County. Defendant denies any remaining allegations in Paragraph 9.

10. Defendant states that Paragraph 10 contains a legal conclusion regarding the jurisdiction of the Court to which no response is required. To the extent a response is deemed required, Defendant states that no claim under 42 U.S.C. § 1983 is properly asserted against it and denies any allegation to the contrary.

11. Defendant states that Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it is located in the State of New Mexico and that the events alleged in the Complaint occurred in New Mexico. Defendant does not contest personal jurisdiction for purposes of this action.

12. Defendant states that Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that the events alleged in the Complaint occurred in Lea County, New Mexico, and does not contest venue in this Court for purposes of this action.

13. Defendant admits that the Fifth Judicial District Attorney's Office received a notice of claim under the New Mexico Tort Claims Act and the New Mexico Civil Rights Act on January 9, 2025. Defendant denies the implication that the notice was timely filed, as the timeliness of the notice is a legal conclusion, which is properly determined by the court.

## STATEMENT OF FACTS

**A. Rivas, Lane, and Olenick arrest Gerhardt for DWI on false pretenses, and Olenick lies about it in a criminal complaint.**

14. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 16 and therefore denies the same.

17.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 17 and therefore denies the same.

18.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 18 and therefore denies the same.

19.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 19 and therefore denies the same.

20.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 20 and therefore denies the same.

21.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 21 and therefore denies the same.

22.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 22 and therefore denies the same.

23.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 23 and therefore denies the same.

24.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 24 and therefore denies the same.

25.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 25 and therefore denies the same.

26.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 26 and therefore denies the same.

27.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 27 and therefore denies the same.

28.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 28 and therefore denies the same.

29.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 29 and therefore denies the same.

30.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 30 and therefore denies the same.

31.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 31 and therefore denies the same.

32.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 32 and therefore denies the same.

33.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 34 and therefore denies the same.

35.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 35 and therefore denies the same.

36.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 36 and therefore denies the same.

37.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 37 and therefore denies the same.

38.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 38 and therefore denies the same.

39.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 39 and therefore denies the same.

**B. Officers arrest Gerhardt's boyfriend, Pacheco, because Pacheco annoyed them.**

40.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 40 and therefore denies the same.

41.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 41 and therefore denies the same.

42.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 42 and therefore denies the same.

43.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 43 and therefore denies the same.

44.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 44 and therefore denies the same.

45.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 45 and therefore denies the same.

46.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 46 and therefore denies the same.

47.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 47 and therefore denies the same.

48.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 48 and therefore denies the same.

49. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 49 and therefore denies the same.

50.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 50 and therefore denies the same.

51.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 51 and therefore denies the same.

52.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 52 and therefore denies the same.

53.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 53 and therefore denies the same.

54.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 54 and therefore denies the same.

55.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 55 and therefore denies the same.

56.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 56 and therefore denies the same.

57.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 57 and therefore denies the same.

58.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 58 and therefore denies the same.

59.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 59 and therefore denies the same.

60.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 60and therefore denies the same.

61.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 61 and therefore denies the same.

62.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 62 and therefore denies the same.

63. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 63 and therefore denies the same.

64. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 64 and therefore denies the same.

65. Defendant admits that criminal charges were initially filed in Hobbs Municipal Court and that the case was not referred to the Fifth Judicial District Attorney's Office at that time.

**C. The City drops charges against Gerhardt and Pacheco after Gerhardt files a Motion to Suppress.**

66. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 66 and therefore denies the same.

67. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 67 and therefore denies the same.

68. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 68 and therefore denies the same.

69. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 69 and therefore denies the same.

70. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 70 and therefore denies the same.

71. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 71 and therefore denies the same.

72. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 72 and therefore denies the same.

73. Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 73 and therefore denies the same.

74.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 74 and therefore denies the same.

75.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph75 and therefore denies the same.

76.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 76 and therefore denies the same.

77.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 77 and therefore denies the same.

78.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 78 and therefore denies the same.

79.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 79 and therefore denies the same.

80.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 80 and therefore denies the same.

81.  Defendant is without sufficient information or authority to admit or deny the allegations in Paragraph 81 and therefore denies the same.

**D.  Chacon, the City and the District Attorneys' Office conspire to punish Plaintiffs for exercising their rights by prosecuting them again and not telling their attorneys.**

82.  Defendant admits that the Fifth Judicial District Attorney's Office filed criminal informations in Lovington District Court based on the same events as the municipal court cases. However, Defendant clarifies that Valerie Chacon, acting independently as a Special Assistant District Attorney, was responsible for the prosecution of these cases. The Fifth Judicial District Attorney's Office provided case management support, but Chacon's prosecutorial decisions were made independently and without direction or control from the DA's Office. As such, the Fifth

Judicial District Attorney's Office denies any direct involvement in the prosecutorial actions taken in these cases.

83. Defendant admits that Megan Kirtley, a Deputy District Attorney for the Fifth Judicial District Attorney's Office, signed the criminal informations in the Gerhardt and Pacheco cases for District Attorney Dianna Luce.  However, Defendant clarifies that Megan Kirtley signed the criminal informations in the usual course of office procedures and that such actions were taken by the Fifth Judicial District Attorney's Office as part of its normal operations. Defendant further clarifies that while the Fifth Judicial District Attorney's Office may have signed and filed the criminal informations, the prosecution of these cases was handled independently by Valerie Chacon, acting as Special Assistant District Attorney.

84. Defendant is without sufficient information to admit or deny the allegations in Paragraph 84 and therefore denies the same. Defendant affirmatively states that any probable cause affidavits filed in conjunction with the criminal informations were submitted by Valerie Chacon in her capacity as a Special Assistant District Attorney. Upon information and belief, HPD Officer Olenik submitted the affidavits to another Assistant District Attorney prior to the filing of the criminal informations.

85.  Defendant denies the allegations in Paragraph 85. Defendant affirmatively states that, upon appointing Valerie Chacon as a Special Assistant District Attorney, the Fifth Judicial District Attorney's Office instructed her to obtain the required oath and file her appearance before initiating any court action. Defendant further states that it was not responsible for notifying Plaintiffs or their counsel regarding the refiling of charges, and any such notice was within the scope of Ms. Chacon's responsibilities as special prosecutor.

86. Defendant is without sufficient information to admit or deny the allegations in Paragraph 86 and therefore denies the same. Defendant affirmatively states that it did not handle

the prosecution in this matter and was not responsible for notifying Plaintiffs or their counsel regarding any scheduled appearances. There is no legal obligation for the Fifth Judicial District Attorney's Office to notify counsel of scheduled appearances. Typically, the State either seeks a summons or arrest warrant, which is served on the defendant, not on counsel.

87. Defendant denies the allegations in Paragraph 87 to the extent they suggest that the Fifth Judicial District Attorney's Office filed or served the Entry of Appearance referenced therein. Defendant affirmatively states that the Entry of Appearance was filed by Valerie Chacon, who had been appointed as a Special Assistant District Attorney. Defendant further states that it was not involved in the preparation, filing, or service of that document and lacks sufficient information to admit or deny whether service was effected on Gerhardt or her counsel, and therefore denies the same.

88. Defendant denies the allegations in Paragraph 88. Defendant affirmatively states that on January 6, 2025, Valerie Chacon had not yet completed the required appointment and oath procedures under New Mexico law (N.M. Stat. Ann. §§ 36-1-2 and 36-1-23.1) to act as a Special Assistant District Attorney. Therefore, any actions taken by Ms. Chacon on that date, including the preparation and filing of the Entry of Appearance, were unauthorized and outside the scope of any authority granted by the Fifth Judicial District Attorney's Office. Defendant was not involved in those actions and denies any responsibility for them.

89. Defendant denies the allegations in Paragraph 89. Defendant affirmatively states that while Valerie Chacon was appointed as a Special Assistant District Attorney, on January 6, 2025, she had not yet completed the required oath and filing of appointment under New Mexico law (N.M. Stat. Ann. §§ 36-1-2 and 36-1-23.1) and thus was not authorized to prosecute cases at that time. Any actions taken by Ms. Chacon on January 6, 2025, were therefore unauthorized and

outside the scope of her duties as a Special Assistant District Attorney. The Fifth Judicial District Attorney's Office did not direct or cause such actions.

90. Defendant is without sufficient information to admit or deny the allegations in Paragraph 90 and therefore denies the same.

91. Defendant is without sufficient information to admit or deny the allegations in Paragraph 91 and therefore denies the same.

92. Defendant is without sufficient information to admit or deny the allegations in Paragraph 92 and therefore denies the same.

93. Defendant denies the allegations in Paragraph 93 to the extent they imply that the Fifth Judicial District Attorney's Office prepared, filed, or was responsible for the Motion to Expedite Hearings. Defendant affirmatively states that the motion was filed by Valerie Chacon in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office was not involved in its preparation or submission.

94. Defendant denies the allegations in Paragraph 94 to the extent they imply any action or omission by the Fifth Judicial District Attorney's Office. Defendant affirmatively states that the Motion to Expedite referenced in Paragraph 94 was filed by Valerie Chacon in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office was not involved in its preparation or submission and has no knowledge as to its contents.

95. Defendant denies the allegations in Paragraph 95 to the extent they imply wrongdoing or false statements by the Fifth Judicial District Attorney's Office. Defendant affirmatively states that it was not involved in the preparation or filing of the Motion to Expedite referenced therein and was not a party to any communications between Valerie Chacon and Plaintiffs' counsel. Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

96.  Defendant denies the allegations in Paragraph 96 to the extent they imply misconduct or false statements by the Fifth Judicial District Attorney's Office. Defendant affirmatively states that the Motion to Expedite and its certificate of service were prepared and filed by Valerie Chacon in her capacity as Special Assistant District Attorney. Defendant was not involved in the preparation, filing, or service of that document and is without sufficient information to admit or deny whether service was effected on Plaintiffs or their counsel, and therefore denies the same.

97.  Defendant denies the allegations in Paragraph 97 to the extent they imply any action or involvement by the Fifth Judicial District Attorney's Office. Defendant affirmatively states that the email referenced was sent by Valerie Chacon in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office was not involved in its preparation or delivery and has no knowledge of its contents apart from the allegations in the Complaint.

98.  Defendant denies the allegations in Paragraph 98. Defendant affirmatively states that it has no knowledge of Valerie Chacon's motivations for sending the email referenced in Paragraph 97 and was not involved in any communications between Ms. Chacon, the court, or Plaintiffs' counsel.

99.  Defendant is without sufficient information to admit or deny the allegations in Paragraph 99 and therefore denies the same. Defendant affirmatively states that it did not appear at or participate in the January 7, 2025 hearing and was not responsible for notifying Plaintiffs or their counsel of that proceeding.

100.  Defendant denies the allegations in Paragraph 100 to the extent they imply that the Fifth Judicial District Attorney's Office directed, approved, or was responsible for Valerie Chacon's appearance at the hearing. Defendant affirmatively states that Valerie Chacon had been appointed as a Special Assistant District Attorney and was instructed to file the appointment and complete the required oath before appearing in court. Defendant is without sufficient information

to admit or deny whether Ms. Chacon complied with those instructions prior to the January 7, 2025 hearing and therefore denies the same.

101. Defendant is without sufficient information to admit or deny the allegations in Paragraph 101 and therefore denies the same. Defendant affirmatively states that it did not appear at or participate in the January 7, 2025 hearing and has no knowledge of statements made by the court.

102. Defendant is without sufficient information to admit or deny the allegations in Paragraph 102 and therefore denies the same. Defendant affirmatively states that it did not appear at the January 7, 2025, hearing and was not involved in or responsible for any subsequent scheduling decisions made by the court.

103. Defendant denies the allegations in Paragraph 103 to the extent they imply any action or responsibility by the Fifth Judicial District Attorney's Office. Defendant affirms that Valerie Chacon, acting as Special Assistant District Attorney, was responsible for the prosecution of the cases against Gerhardt and Pacheco, and that Plaintiffs' counsel's communications were directed solely to her. Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

104. Defendant is without sufficient information to admit or deny the allegations in Paragraph 92 and therefore denies the same.

105. Defendant is without sufficient information to admit or deny the allegations in Paragraph 105 and therefore denies the same. Defendant affirms that it was not involved in the preparation or filing of the Motion to Expedite referenced in this paragraph.

106. Defendant denies the allegations in Paragraph 106. Defendant affirms that Valerie Chacon was appointed as a Special Assistant District Attorney, but on January 6, 2025, she had not yet completed the required paperwork and oath under New Mexico law (N.M. Stat. Ann. §§

15

36-1-2 and 36-1-23.1), and thus was not authorized to appear or prosecute cases at that time. Any failure to comply with procedural requirements was due to Ms. Chacon's own actions, not directed or caused by the Fifth Judicial District Attorney's Office.

107.  Defendant admits that Dianna Luce, the District Attorney for the Fifth Judicial District Attorney's Office, received an email from Plaintiff's counsel. However, Defendant denies any implication that the receipt of the email constituted any action or response by the Fifth Judicial District Attorney's Office beyond acknowledging receipt.

108.  Defendant admits that the Fifth Judicial District Attorney's Office filed an appointment of special prosecutor document for Valerie Chacon, which included an oath of office signed by Chacon and witnessed by a district court judge. However, Defendant is without sufficient information to confirm the exact date of the filing and therefore denies that the filing occurred specifically on January 10, 2025, as alleged in the Complaint.

109.  Defendant admits that the charges against Pacheco and Gerhardt were dismissed. Defendant further states that the special prosecutor appointment was filed on January 10, 2025, at 9:54 AM, and the nolle prosequi was filed on January 10, 2025, at 12:02 PM, according to the Odyssey case management system. However, Defendant denies the allegations in Paragraph 109 to the extent that they imply a direct relationship between the filing of the special prosecutor appointment and the dismissal of charges, as the precise timing and connection between these events are not conclusively established.

110.  Defendant denies the allegations in Paragraph 110. Defendant affirms that the Fifth Judicial District Attorney's Office was not responsible for any decisions related to punishing Plaintiffs or for handling any civil claims brought by Plaintiffs. The decision to dismiss charges was made by Valerie Chacon, acting in her capacity as Special Assistant District Attorney, and was not related to any prior communications between Plaintiffs' counsel and the City.

111.  Defendant denies the allegations in Paragraph 111. Defendant affirms that Valerie Chacon was appointed as a Special Assistant District Attorney, but on January 6, 2025, she had not yet completed the required appointment and oath procedures under New Mexico law (N.M. Stat. Ann. §§ 36-1-2 and 36-1-23.1) and thus was not acting within the scope of her authority when she initiated the prosecution against Gerhardt and Pacheco. Defendant denies any involvement in, or knowledge of, a scheme or conspiracy as alleged. The Fifth Judicial District Attorney's Office did not instruct or authorize Chacon to act in bad faith, and any actions taken by Ms. Chacon on January 6, 2025, were outside her lawful authority as she had not yet been duly appointed and sworn in.

112.  Defendant denies the allegations in Paragraph 112. Defendant affirms that the Fifth Judicial District Attorney's Office was not involved in the prosecution of the cases against Plaintiffs, as those were handled by Valerie Chacon in her capacity as Special Assistant District Attorney. Defendant denies any knowledge that the prosecutions were baseless or that Chacon intended to file the cases for an improper purpose. The Fifth Judicial District Attorney's Office acted in good faith by appointing Chacon and delegating authority to her as Special Assistant District Attorney.

113.  Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 113 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

114.  Defendant denies the allegations in Paragraph 114 to the extent they imply any action or involvement by the Fifth Judicial District Attorney's Office. Defendant further denies any malicious intent or improper actions by the Fifth Judicial District Attorney's Office in connection with the refiling of charges or any actions related to Clio access.

115. Defendant denies the allegations in Paragraph 115 to the extent they imply any action or involvement by the Fifth Judicial District Attorney's Office. Defendant affirms that it was not involved in the decision for Defendant Olenik to sign another criminal complaint for filing in the district court, nor was it involved in any request made by Valerie Chacon regarding the filing. Defendant further denies any malicious intent or bad faith in the prosecution of the case. Any actions taken by Chacon or Olenik were independent of the Fifth Judicial District Attorney's Office and within the scope of their respective duties.

116. Defendant denies the allegations in Paragraph 116 to the extent they imply any conspiracy, misconduct, or lack of legitimacy in the actions of the Fifth Judicial District Attorney's Office. Defendant affirms that the Fifth Judicial District Attorney's Office acted in good faith and in accordance with the law throughout the prosecution of the case, and denies any wrongdoing or involvement in any alleged conspiracy.

## COUNT I: NEW MECICO CIVIL RIGHTS ACT, VIOLATIONS OF ARTICLE 2 §§ 4.10 AND 14 OF THE NEW MEXICAN CONSTITUTION

117. Defendant restates and incorporates by reference Paragraphs 1 through 117 of its Answer to Plaintiffs' Complaint as though fully set forth herein.

118. The allegations contained in Paragraph 118 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

119. The allegations contained in Paragraph 119 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

120.  The allegations contained in Paragraph 120 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

121. The allegations contained in Paragraph 121 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

122. The allegations contained in Paragraph 122 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

123.  The allegations contained in Paragraph 123 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

124.  The allegations contained in Paragraph 124 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

125.  The allegations contained in Paragraph 125 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

126. The allegations contained in Paragraph 126 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

127. Defendant denies the allegations in Paragraph 127. Defendant affirms that the Fifth Judicial District Attorney's Office was not responsible for the arrest or imprisonment of Plaintiffs. The decision to arrest and detain Plaintiffs was made by law enforcement officers, including Defendant Olenik and Lane, and was based on the criminal complaints filed. The prosecution of the case was handled solely by Valerie Chacon, acting independently in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office had no involvement in the prosecution or any of the actions taken by Ms. Chacon.

128. Defendant denies the allegations in Paragraph 128 to the extent they imply that the Fifth Judicial District Attorney's Office was responsible for the actions of law enforcement officers, including Defendant Officers Olenik, Lane, and Rivas. Defendant affirms that the prosecution of Plaintiffs was initiated following the criminal complaints filed by law enforcement, but Defendant makes no statement as to the propriety or validity of those complaints. Defendant further denies any wrongful or unlawful conduct in connection with the prosecution and confinement of Plaintiffs.

129. Defendant denies the allegations in Paragraph 129 to the extent they imply any action or responsibility by the Fifth Judicial District Attorney's Office. The decision to sign the criminal complaints against Plaintiffs was made by law enforcement officers, Defendants Olenik and Lane. The prosecution of the case was handled solely by Valerie Chacon, acting independently in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office had no involvement in the prosecution or any of the actions taken by Ms. Chacon.

130.  Defendant denies the allegations in Paragraph 130 to the extent they imply any action or responsibility by the Fifth Judicial District Attorney's Office. The actions described, including the detention and jailing of Plaintiffs, were carried out by law enforcement officers, not by the Fifth Judicial District Attorney's Office. The prosecution of the case was handled solely by Valerie Chacon, acting independently in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office had no involvement in the prosecution or any of the actions taken by Ms. Chacon.

131.  Defendant denies the allegations in Paragraph 131 to the extent they imply any action or responsibility by the Fifth Judicial District Attorney's Office. The actions described, including the infliction of pain, suffering, mental anguish, and loss of enjoyment of life, were not caused by the Fifth Judicial District Attorney's Office, but may have been caused by the actions of law enforcement officers or other parties. Defendant further denies any liability for harm allegedly caused by the prosecution of this case, which was handled solely by Valerie Chacon, acting independently in her capacity as Special Assistant District Attorney.

132.  The allegations contained in Paragraph 132 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

133.  Defendant denies the allegations in Paragraph 133. Defendant affirms that the Fifth Judicial District Attorney's Office was not responsible for filing the criminal charges against Plaintiffs or for failing to inform their counsel of those charges. The criminal complaints were filed by law enforcement officers, and the prosecution of the case was handled independently by Valerie Chacon in her capacity as Special Assistant District Attorney. The Fifth Judicial District Attorney's Office was not involved in the procedural errors alleged in this paragraph.

134.  Defendant denies the allegations in Paragraph 134. Defendant affirms that the Fifth Judicial District Attorney's Office was not responsible for filing the criminal charges against Plaintiffs, as those charges were initiated by law enforcement officers, including Defendants Olenik and Lane. The prosecution of the case was handled by Valerie Chacon, acting independently as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office had no involvement in the filing of charges or in any alleged baselessness of those charges. Defendant further denies any violation of Plaintiffs' rights under Article 2, Section 14 of the New Mexico Constitution.

135. Defendant denies the allegations in Paragraph 135 to the extent they imply any action or responsibility by the Fifth Judicial District Attorney's Office. Defendant affirms that Valerie Chacon, in her capacity as Special Assistant District Attorney, handled the prosecution of the case independently, and the Fifth Judicial District Attorney's Office had no involvement in the decisions made by Ms. Chacon. Defendant further denies that any harm, including the infliction of pain, suffering, or mental anguish, was caused by the actions of the Fifth Judicial District Attorney's Office in connection with the prosecution of this case.

136. Defendant affirms that Valerie Chacon was acting in her capacity as Special Assistant District Attorney when prosecuting the case. However, Defendant notes that Ms. Chacon was acting independently in her role and was not directed or controlled by the Fifth Judicial District Attorney's Office in her prosecutorial decisions. As such, this allegation is not directed to this Defendant.

137. Defendant denies the allegations in Paragraph 137. Defendant affirms that the Fifth Judicial District Attorney's Office is not liable for any harms alleged in the Complaint under the New Mexico Civil Rights Act, NMSA § 41-4A-3. The Fifth Judicial District Attorney's Office was not involved in the actions or omissions that led to Plaintiffs' claims and was not responsible

for any alleged constitutional violations. The prosecution of the case was handled by Valerie Chacon, acting independently in her capacity as Special Assistant District Attorney, and the Fifth Judicial District Attorney's Office had no role in the alleged harm.

## COUNT II: NEW MEXICO TORT CLAIMS ACT, BATTERY, FALSE ARREST, FALSE IMPROSONMENT, ABUSE OF PROCESS AND MALICIOUS PROSECUTION
### Brought against the City of Hobbs, Olenik, Lane and Rivas

138.  Defendant restates and incorporates by reference Paragraphs 1 through 137 of its Answer to Plaintiff's Complaint as though fully set forth herein.

139.  The allegations contained in Paragraph 139 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

140.  The allegations contained in Paragraph 140 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

141.  The allegations contained in Paragraph 141 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

142.  The allegations contained in Paragraph 142 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

143.  The allegations contained in Paragraph 143 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

144.  The allegations contained in Paragraph 144 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

145.  The allegations contained in Paragraph 145 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

146.  The allegations contained in Paragraph 146 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

147.  The allegations contained in Paragraph 147 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

148.  The allegations contained in Paragraph 148 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

## COUNT III: 42 U.S.C. § 1983, VIOLATIONS OF FOURTH AND SIXTH AMENDMENTS OF UNITES STATES CONTSITUTION

### Against Chacon, Olenik, Lane, Rivas and the City of Hobbs

149.  Defendant restates and incorporates by reference Paragraphs 1 through 148 of its Answer to Plaintiff's Complaint as though fully set forth herein.

150.  The allegations contained in Paragraph150 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

151.  The allegations contained in Paragraph 151 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

152.  The allegations contained in Paragraph 152 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

153.  The allegations contained in Paragraph 153 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

154.  The allegations contained in Paragraph 154 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

155. The allegations contained in Paragraph 155 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

156. The allegations contained in Paragraph 156 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

157. The allegations contained in Paragraph 157 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

158. The allegations contained in Paragraph 158 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

159. The allegations contained in Paragraph 159 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

160. The allegations contained in Paragraph 160 of Plaintiff's Complaint are not directed as against this Defendant; this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

## AFFIRMATIVE DEFENSENS

1. Defendant asserts that it is entitled to absolute immunity for actions taken within the scope of its prosecutorial duties, including the filing of charges and prosecuting criminal cases. Prosecutors are absolutely immune from liability for actions intimately associated with the judicial phase of the criminal process. *See Johnson v. Lally,* 1994-NMCA-135, ¶ 21, 118 N.M. 795, 887 P.2d 1262.

2. Sovereign Immunity - Defendant asserts that it is protected by sovereign immunity under the New Mexico Tort Claims Act, NMSA § 41-4-1 et seq., and is not liable for any tort claims unless there is a specific statutory waiver. The Fifth Judicial District Attorney's Office, as a government agency, is immune from liability for tortious conduct, including malicious prosecution and false arrest, unless a specific exception applies.

3. Failure to State a Claim (Rule 12(b)(6)) - Defendant asserts that the Complaint fails to state a claim upon which relief can be granted. The allegations in the Complaint are conclusory and speculative, and there is no factual basis to support the claims of malicious prosecution, wrongful arrest, conspiracy, or other violations.

4. Defendant denies liability because Valerie Chacon was not acting within the scope of her employment as a Special Assistant District Attorney when she filed the charges on January 6, 2025. At that time, Ms. Chacon had not completed the required appointment and oath procedures under New Mexico law, specifically N.M. Stat. Ann. §§ 36-1-2 and 36-1-23.1, which are necessary for her to be authorized to act as a Special Assistant District Attorney. Furthermore, the Fifth Judicial District Attorney's Office had instructed Ms. Chacon not to take any action until she had completed these procedures, and her actions were contrary to those instructions. Therefore, her actions were unauthorized, not directed by the DA's office, and outside the scope of any authority granted to her."

5. Good Faith Defense - Defendant asserts that it acted in good faith in prosecuting the case against Plaintiffs. The actions of the Fifth Judicial District Attorney's Office were taken in accordance with the law, and Defendant was not involved in any wrongful conduct or malicious actions during the prosecution of the case.

6. Qualified Immunity - Defendant asserts qualified immunity as a defense, protecting officials from liability unless they violated clearly established law. The actions taken by the Fifth Judicial District Attorney's Office did not violate any constitutional or statutory rights that were clearly established at the time, and thus the office is entitled to immunity from the claims asserted.

7. No Constitutional Violation - Defendant asserts that there was no violation of Plaintiffs' constitutional rights, including their rights to counsel or to defend themselves. The actions taken by the Fifth Judicial District Attorney's Office were lawful, and the prosecution was conducted in good faith and in accordance with legal procedures.

8. Statute of Limitations - Defendant asserts that the claims in the Complaint are barred by the applicable statute of limitations. Any claims related to malicious prosecution or false arrest that fall outside the applicable time period should be dismissed as untimely.

9. Eleventh Amendment Immunity - The Fifth Judicial District Attorney's Office is an agency of the State of New Mexico, and as such, is immune from suit for damages under the 11th Amendment of the U.S. Constitution. Therefore, Plaintiffs' claims for monetary damages against the Fifth Judicial District Attorney's Office must be dismissed.

10. No Liability Under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978): To the extent Plaintiffs allege systemic or policy-based violations, there is no official policy or custom within the Fifth Judicial District Attorney's Office that resulted in the alleged violations.

**WHEREFORE**, Defendant The Fifth Judicial District Attorneys' Office, having provided an amended answered to the Plaintiff's Complaint for Personal Injuries, prays:

   a.   That the Complaint be dismissed with prejudice;

   b.   For an award of costs and attorneys' fees; and

   c.   For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendant demands a jury of twelve (12) jurors on all issues so triable.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By: */s/ Julia Y. Parsons*
    John S. Stiff, Sr., Esq.,
    Julia Y. Parsons, Esq.
    500 Marquette Ave. N.W., Suite 1400
    Albuquerque, New Mexico 87102
    Phone:  (505) 243-5755
    E-mail:    jstiff@stifflaw.com
          jparsons@stifflaw.com
    *Attorneys for Defendant Fifth Judicial*
    *District Attorney's Office*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of May 2025, the foregoing was electronically filed through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Benjamin Gubernick, Esq.
Curtis Waldo, Esq.
WGLA, LLP
717 Texas St., Suite 1200
Houston, TX 77002
(346) 277-0287
ben@wglawllp.com
burtis@wwglawllp.com
Attorneys for Plaintiffs

-and-

29

Curtis Waldo, Esq.
Waldo Gubernick Law Advocates, LLP
717 Texas Avenue, Ste. 1200
Houston, TX 77002
713-306-0512
Email: curtis@wglawllp.com
Attorneys for Plaintiffs

-and-

Blaine T. Mynatt, Esq.
Haley R. Grant, Esq.
Mynatt Martinez Springer P.C.
P.O. Box 2699
Las Cruces, NM 88004
575-524-8812
Fax: 575-524-0726
Email: btm@mmslawpc.com
        hrg@mmslawpc.com
*Attorneys for City of Hobbs, Andrew Lane, Alejandro Rivas, and Valerie Chacon*


*/s/ Julia Y. Parsons*
John S. Stiff, Sr., Esq.
Julia Y. Parsons, Esq.