IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT,
TYRIN PACHECO,

   Plaintiffs,

             No. 2:25-cv-00110 JHR/GBW

v.

THE CITY OF HOBBS,
MATTHEW OLENICK,
ANDREW LANE,
ALEJANDRO RIVAS,
VALERIE CHACON, and
THE FIFTH JUDICIAL
DISTRICT ATTORNEY'S
OFFICE,

   Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 13, 2025 via phone and was attended by:

Benjamin Gubernick
Curtis Waldo
WALDO GUBERNICK LAW ADVOCATES, LLP
717 Texas Ave. Suite 1200
Houston, TX 77002
ben@wglawllp.com
curtis@wglawllp.com
(713) 306-0512
*Attorneys for Plaintiffs*

Haley R. Grant
MYNATT SPRINGER P.C.
P.O. Box 2699
Las Cruces, NM  88004-2699
(575) 524-8812
hrg@mynattspringer.com
*Attorney for City Defendants*

Julia Y. Parsons
STIFF GARCIA & ASSOCIATES, LLC
500 Marquette Ave. NW, Suite 1400
Albuquerque, N.M. 87102
(505) 243-5755
jparsons@stifflaw.com
*Attorney for Fifth Judicial District Attorney's Office*

## **NATURE OF THE CASE**

Plaintiffs challenge the lawfulness of their arrests and criminal prosecutions arising from their July 13, 2024 arrests by Hobbs Police Department ("HPD") Officer Matthew Olenick, Officer Andrew Lane, and Officer Alejandro Rivas. Plaintiffs contend that their arrests were unsupported by probable cause and the officers falsified facts to support probable cause leading to Plaintiffs' arrests. For this alleged conduct, Plaintiffs assert the officers waived their immunity through the New Mexico Tort Claims Act ("NMTCA") based on battery, false arrest, false imprisonment, abuse of process, and malicious prosecution violations. Plaintiffs further contend the purported lack of probable cause resulted in the City of Hobbs' violations through its officers and Ms. Chacon under the New Mexico Civil Rights Act ("NMCRA") for violations of the New Mexico constitution in Article II, Sections 4 and 10.

Against Defendant former City Attorney/Prosecutor Valerie Chacon, Plaintiff Gerhardt alleges that Ms. Chacon violated the Fourth Amendment prohibition against unreasonable seizures and the Sixth Amendment right to counsel. Plaintiff Gerhardt asserts Ms. Chacon wrongfully prosecuted her for driving while under the influence of intoxicating liquor purportedly knowing probable cause did not support the charge.

Under the same amendments, Plaintiff Pacheco accuses Ms. Chacon of wrongfully prosecuting him for resisting, evading, or obstructing an officer and tampering with evidence

purportedly knowing probable cause did not support the charges. Plaintiffs further claims Ms. Chacon violated their rights to counsel in the filing of criminal charges in district court without supplying notice to their criminal defense attorneys. Plaintiffs raise municipal liability claims against the City of Hobbs for alleged customs, policies, or practices of arresting subjects for being rude to officers, officers' use of false statements in criminal complaints, and retaliating against people for taking legal action against the City which allegedly caused the Fourth and Sixth Amendments violations.

Finally, Plaintiffs allege Defendant Fifth Judicial District Attorney's Office deprived them of their Article II, Section 14 right to appear and defend themselves in person and through counsel under the New Mexico constitution. Plaintiffs claim the Fifth Judicial District filed baseless criminal charges against them without notice to their criminal defense attorneys.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs do not intend to file an amended pleading at this time.

Plaintiffs should be allowed until July 9, 2025 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: Defendants do not intend to amend their or join additional parties.

Defendants should be allowed until August 11, 2025 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has personal jurisdiction over the parties. The parties further stipulate and agree that the law governing this case is § 1983, federal procedural law, the Fourth and Sixth Amendments to the United States Constitution, the New

Mexico Civil Rights Act, the New Mexico constitution, the New Mexico Tort Claims Act, and related precedent.

## **PLAINTIFFS' CONTENTIONS**

Plaintiffs' contentions are set forth in detail in their Complaint.  In sum, Olenick, Lane, and Rivas arrested Gerhardt for driving while intoxicated without probable cause.  Olenick then lied in the criminal complaint against Gerhardt that she showed signs of intoxication.  As to Pacheco, Olenick, Lane, and Rivas arrested him for REO and tampering with evidence when Pacheco was simply standing on a public sidewalk.  Similar to what Olenick did to Gerhardt, Lane proceeded to lie in his criminal complaint against Pacheco to make the arrest seem lawful when it was not. Defendants' lies are all shown in the body camera footage.  The City of Hobbs is liable for these officers' misconduct under the New Mexico Civil Rights Act.

But this is not merely a case about police misconduct.  Plaintiffs' prosecutors behaved just as badly.  The criminal case against Plaintiffs was originally brought in municipal court.  Via their counsel, on December 9, 2024, Plaintiffs filed a Motion to Suppress based on the above police misconduct.  City prosecutor Chacon did not respond to the Motion and, on December 9, 2024, filed Nolle Prosequi's on all claims against Plaintiffs in municipal court.  On December 11, 2024, Plaintiff's counsel emailed Chacon about whether the City wished to discuss pre-suit resolution of Plaintiff's civil claims against the police officers for their misconduct.  Chacon never responded.

On December 31, 2024, Defendant Fifth Judicial District Attorney's Office ("DA Office") filed a criminal information against Plaintiffs in district court, signed by district attorney Megan Kirtley.  Neither the DA Office nor Chason nor Kirtley notified Plaintiffs or their counsel.  Instead, the DA Office notified the public defender, which was not Plaintiffs' counsel.

On January 6, 2025, Chacon filed an entry of appearance in the district court, stating that she was appearing as a "Special Assistant District Attorney."  Still, neither Chacon nor anyone from the DA Office informed Plaintiffs' counsel. Chacon also did not take the oath of office required by law to represent the State of New Mexico in court.

Chacon filed a "Motion to Expedite" the trial against Plaintiffs, as the six-month speedy trial deadline expired on January 16, 2025.  The motion was set for hearing on January 7, 2025. The motion contained a certificate of service that falsely stated Plaintiffs had received a copy of the pleading.   Chacon and the DA Office did not inform Plaintiffs' counsel of the new criminal charges.  Plaintiffs contend that Chacon, acting on the apparent authority of the DA Office, hoped no one would appear for Plaintiffs' arraignment, and Chacon could get a bench warrant authorizing Plaintiffs' arrest when Plaintiffs did not appear, and Plaintiffs would have to spend a weekend in jail.  This, in Chacon's malevolent mind, would punish Plaintiffs for their "offense" of retaining counsel to begin with and standing up for their constitutional rights.

Unfortunately for Chacon, on January 7, 2025, about an hour before Gerhardt's arraignment, the district court's chambers contacted Plaintiffs' counsel and alerted counsel to the new case and the hearing on the Motion to Expedite.  Plaintiffs' counsel appeared via Zoom and informed the Court of what had taken place and how Chacon was attempting to railroad Plaintiffs.. The district court was dumbfounded that Chacon was even requesting a trial within 9 days, given the Court's schedule.

Shortly after the January 7 Zoom hearing, Plaintiffs' counsel learned that the DA Office had not actually appointed city prosecutor Chacon to act as prosecutor against Plaintiffs.  On January 8, Plaintiffs' counsel filed a motion to strike the Motion to Expedite because there was no special appointment on file permitting Chacon to act on behalf of the DA Office.  On January 10,

2025, Chacon took the oath and office and then dismissed all charges against Plaintiffs. Shortly after, Chacon resigned as city attorney, purportedly because the City of Hobbs was not allowing her to do her job the way she wanted to.

Defendants Chacon and the DA Office have submitted Answers in this case that constitute something akin to a circular firing squad. Chacon says she deserves prosecutorial immunity because she was acting on behalf of the DA Office. The DA Office says Chacon was acting outside her authority, so it cannot be liable for Chacon's misconduct. Of course, both cannot be true.

Plaintiffs have experienced damages in the form of mental anguish from being wrongfully arrested. Gerhardt has also experienced financial damages due to being terminated from her job due to the wrongful arrest and having her driver's license suspended. Plaintiffs contend the malicious prosecution and related misconduct by Chacon and the Fifth Judicial District Attorney's Office warrant a high amount of punitive damages.

## **DEFENDANTS' CONTENTIONS**

City Defendants

City Defendants contend Plaintiffs' arrests were lawful under the Fourth Amendment and Article II, Section 10. The lawfulness of Plaintiffs' arrests further demonstrate the officers did not commit NMTCA tort violations to waive their sovereign immunity. Plaintiff Gerhardt admitted to speeding through an intersection, total ignorance as to how or why she drove up onto the curb and crashed into a mailbox and truck, she smelled of alcohol to Sgt. Jennifer Maxwell who hugged her on scene as well as to Ofc. Andrew Lane and Sgt. David Torres. Plaintiff Gerhardt also presented with slightly slurred speech and acted belligerently and abusively throughout her interactions with officers suggesting alcohol impairment. Finally, Plaintiff Gerhardt failed multiple portions of Ofc. Olenik's standard field sobriety tests.

As to Plaintiff Pacheco, the officers held probable cause to arrest him for resisting, evading or obstructing an officer based on his refusal to obey lawful commands to remove himself from the incident scene and disturbing dirt tracks implicating Plaintiff Gerhardt vehicle's direction of travel before the collision. The officers may have also held probable cause that Plaintiff Pacheco tampered with evidence based on his notice that he was standing in a crime scene area.

Ms. Chacon also cannot be held liable given her absolute prosecutorial immunity against Plaintiffs' Fourth and Sixth Amendment claims. Additionally, Ms. Chacon nor the Fifth Judicial District Attorney's Office were obligated to provide notice to Plaintiffs' criminal defense attorneys of the appeal to district court which is the duty of the district court. Further, Plaintiffs admit that the district court improperly sent notice to the public defender rather than to their criminal defense attorneys.

Finally, no Article II, Section 4 claim raised through the New Mexico constitution may lie against a governmental entity or their employee under *Morris v. Brandenburg*, 376 P.3d 836, 854 – 855 (N.M. 2016) (Recognizing the New Mexico Supreme Court had "not construe[d] Article II, Section 4 as an enforceable source of individual rights, but rather as an overarching principle which informed the equal protection guarantee of our Constitution.").

<u>Defendant Fifth Judicial District Attorney's Office</u>

Defendant Fifth Judicial District Attorney's Office ("FJDA") contends that Plaintiffs have failed to state a viable claim under the New Mexico Civil Rights Act (NMCRA), NMSA 1978, §§ 41-4A-1 to -13. Plaintiffs' allegations rely primarily on the actions of Valerie Chacon, who purported to act as a Special Assistant District Attorney but had not yet completed the oath of office required under NMSA 1978, § 36-1-23.1 and Article XX, Section 1 of the New Mexico Constitution. Because the oath is a constitutional prerequisite to exercising prosecutorial authority,

her actions at all pertinent times set forth in the Plaintiffs' Complaint, were outside the lawful scope of authority.

FDJA further contends that it instructed Ms. Chacon not to file pleadings or appear in court until she had executed and filed the required oath. Ms. Chacon's failure to comply with those instructions renders her actions ultra vires and not attributable to FJDA. Under established New Mexico law, a governmental entity cannot be held vicariously liable for actions taken outside the scope of lawful authority.

Additionally, there is no evidence that any authorized employee of FJDA directed, ratified, or participated in the conduct alleged. While the criminal informations were signed in the normal course by an FJDA prosecutor, the underlying prosecutorial decisions and filings were handled independently by Ms. Chacon. To the extent Plaintiffs assert lack of notice or procedural irregularities, those issues lie with the district court or with Ms. Chacon individually.

Accordingly, FJDA denies all allegations of wrongdoing and maintains that Plaintiffs' claims under the NMCRA and the New Mexico Constitution fail as a matter of law.

## <u>PROVISIONAL DISCOVERY PLAN</u>

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

---

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

---

**PLAINTIFF:**

Plaintiffs' Fact Witnesses:

- <u>Plaintiff Alena Gerhardt.</u>

  c/o Benjamin Gubernick
  Curtis Waldo
  WALDO GUBERNICK LAW ADVOCATES, LLP
  717 Texas Ave. Suite 1200
  Houston, TX 77002
  ben@wglawllp.com
  curtis@wglawllp.com
  (713) 306-0512

  <u>Gerhardt will discuss the circumstances of her wrongful arrest and wrongful prosecution and the damages she has suffered as a result.  Gerhardt may be contacted via her counsel.</u>

- <u>Plaintiff Tyrin Pacheco.</u>

  c/o Benjamin Gubernick
  Curtis Waldo
  WALDO GUBERNICK LAW ADVOCATES, LLP
  717 Texas Ave. Suite 1200
  Houston, TX 77002
  ben@wglawllp.com
  curtis@wglawllp.com
  (713) 306-0512

  <u>Pacheco will discuss the circumstances of his wrongful arrest and wrongful prosecution and the damages he has suffered as a result.  Pacheco may be contacted via his counsel.</u>

- Ofc. Matthew Olenik

  c/o Blaine T. Mynatt
     Haley R. Grant
  MYNATT SPRINGER P.C.
  P.O. Box 2699
  Las Cruces, NM  88004-2699
  (575) 524-8812
  btm@mynattspringer.com
  hrg@mynattspringer.com

  Olenik is expected to testify concerning his comments on body camera footage about Gerhardt's lack of impairment, compared to the contradictory and false statements made in his criminal complaint.  Olenik is expected to testify about the pressure to which he was subjected to lie, including in the new criminal information filed by the DA Office on or around December 31, 2024.

- Ofc. Andrew Lane
  c/o Blaine T. Mynatt
  Haley R. Grant
  MYNATT SPRINGER P.C.
  P.O. Box 2699
  Las Cruces, NM  88004-2699
  (575) 524-8812
  btm@mynattspringer.com
  hrg@mynattspringer.com

Lane is expected to testify concerning his purported basis for arresting Pacheco and the lies in his criminal complaint regarding same.

- Ofc. Alejandro Rivas
  c/o Blaine T. Mynatt
  Haley R. Grant
  MYNATT SPRINGER P.C.
  P.O. Box 2699
  Las Cruces, NM  88004-2699
  (575) 524-8812
  btm@mynattspringer.com
  hrg@mynattspringer.com

Rivas is expected to testify concerning the circumstances of Plaintiffs' arrests, including his discussion with Olenik about arresting Gerhardt.

- Valerie Chacon
  c/o Blaine T. Mynatt
  Haley R. Grant
  MYNATT SPRINGER P.C.
  P.O. Box 2699
  Las Cruces, NM  88004-2699
  (575) 524-8812
  btm@mynattspringer.com
  hrg@mynattspringer.com

Chacon is expected to testify regarding why she prosecuted Plaintiffs in municipal court when the criminal complaints contained falsehoods plainly contradicted by the body camera footage.  Chacon is expected to testify about why she dismissed charges against Plaintiffs in municipal court.  Chacon is expected to testify about her role in the DA Office filing criminal charges against Plaintiffs in District Court.  Chacon is expected to testify about her conversations with others in the DA Office about Plaintiffs.  Chacon is expected to testify about why she filed an appearance for the DA Office without a special prosecutor appointment.  Chacon is expected to testify about why charges were dismissed against

Plaintiffs in district court.  Chacon is expected to testify about why she resigned as city prosecutor.

- <u>Plaintiff further discloses any witness disclosed by any Defendant and any rebuttal witness or expert witness.</u>

<u>Plaintiffs' Exhibits:</u>

- Applicable body camera footage.
- Emails exchanged between Benjamin Gubernick and Valerie Chacon regarding Plaintiffs.
- The criminal complaints filed against Plaintiffs.
- Various motions and associated documents filed by Plaintiffs and the City in municipal court.
- Various motions and associated documents filed by Plaintiffs and the DA Office in district court.

<u>Plaintiffs' Expert Witnesses:</u>

Plaintiffs may call an expert witness to testify about nystagmus.  Plaintiffs may call an expert witness to testify about prosecutorial ethics, rules, and misconduct.

**DEFENDANTS:**

<u>City Defendants' Fact Witnesses:</u>

1.  Plaintiff Alena Gerhardt
    c/o Benjamin Gubernick
    Curtis Waldo
    WALDO GUBERNICK LAW ADVOCATES, LLP
    717 Texas Ave. Suite 1200
    Houston, TX 77002
    ben@wglawllp.com
    curtis@wglawllp.com
    (713) 306-0512
    *Attorneys for Plaintiffs*

Plaintiff Gerhardt is expected to testify to her recollection of the incident and events leading to the collision prompting law enforcement response as well her recollection of the related criminal proceedings and her alleged damages.

2.  Plaintiff Tyrin Pacheco
    c/o Benjamin Gubernick
    Curtis Waldo
    WALDO GUBERNICK LAW ADVOCATES, LLP
    717 Texas Ave. Suite 1200
    Houston, TX 77002

ben@wglawllp.com
curtis@wglawllp.com
(713) 306-0512
*Attorneys for Plaintiffs*

Plaintiff Pacheco is expected to testify regarding his recollection of events during the incident leading to his arrest, his recollection of the related criminal proceedings, and his alleged damages.

3. Benjamin Gubernick
   Plaintiffs' criminal defense attorney
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Ave. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   (713) 306-0512

Mr. Gubernick is expected to testify regarding his recollection of the criminal proceedings concerning the arrests of Plaintiffs and his related pretrial interviews with officers and notices and communications with City personnel, personnel from the Fifth Judicial District Attorney's Office, and the Fifth Judicial District.

4. Curtis Waldo
   Plaintiff's criminal defense attorney
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Ave. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   curtis@wglawllp.com
   (713) 306-0512

Mr. Waldo is expected to testify regarding his recollection of the criminal proceedings concerning the arrests of Plaintiffs and his related pretrial interviews with officers and notices and communications with City personnel, personnel from the Fifth Judicial District Attorney's Office, and the Fifth Judicial District.

5. Ofc. Matthew Olenik
   c/o Blaine T. Mynatt
   Haley R. Grant
   MYNATT SPRINGER P.C.
   P.O. Box 2699
   Las Cruces, NM  88004-2699
   (575) 524-8812
   btm@mynattspringer.com
   hrg@mynattspringer.com
   *Attorneys for City Defendants*

Ofc. Olenik is expected to testify concerning his recollections of the incident leading to Plaintiffs' arrests; the bases for his original and amended criminal complaints against Plaintiffs; his probable cause determinations; his relevant training and experience; and his communications with officers, witnesses, and Plaintiffs relevant to this incident.

> 6.  Ofc. Andrew Lane
>     c/o Blaine T. Mynatt
>     Haley R. Grant
>     MYNATT SPRINGER P.C.
>     P.O. Box 2699
>     Las Cruces, NM  88004-2699
>     (575) 524-8812
>     btm@mynattspringer.com
>     hrg@mynattspringer.com
>     *Attorneys for City Defendants*

Ofc. Lane is expected to testify concerning his recollections of the incident leading to Plaintiffs' arrests; his probable cause determinations; his relevant training and experience; and his communications with Plaintiffs, officers, and witnesses relevant to this incident.

> 7.  Sgt. David Torres
>     c/o Blaine T. Mynatt
>     Haley R. Grant
>     MYNATT SPRINGER P.C.
>     P.O. Box 2699
>     Las Cruces, NM  88004-2699
>     (575) 524-8812
>     btm@mynattspringer.com
>     hrg@mynattspringer.com
>     *Attorneys for City Defendants*

Sgt. Torres is expected to testify concerning his recollections of the incident leading to Plaintiffs' arrests, his probable cause determinations; his relevant training and experience, his communications with officers, Plaintiffs, and witnesses relevant to this incident; and his role in managing the scene.

> 8.  Sgt. Jennifer Maxwell
>     c/o Blaine T. Mynatt
>     Haley R. Grant
>     MYNATT SPRINGER P.C.
>     P.O. Box 2699
>     Las Cruces, NM  88004-2699
>     (575) 524-8812
>     btm@mynattspringer.com
>     hrg@mynattspringer.com
>     *Attorneys for City Defendants*

Sgt. Maxwell is expected to testify concerning her recollections of the incident leading to Plaintiffs' arrests; her probable cause determinations; her relevant training and experience; her communications with Plaintiffs, officers, and witnesses relevant to this incident; and her role in managing the scene and overseeing Sgt. Torres.

> 9. Ofc. Alejandro Rivas
>    c/o Blaine T. Mynatt
>    Haley R. Grant
>    MYNATT SPRINGER P.C.
>    P.O. Box 2699
>    Las Cruces, NM  88004-2699
>    (575) 524-8812
>    btm@mynattspringer.com
>    hrg@mynattspringer.com
>    *Attorneys for City Defendants*

Ofc. Lane is expected to testify concerning his recollections of the incident leading to Plaintiffs' arrests; his probable cause determinations; his relevant training and experience; and his communications with officers, witnesses, and Plaintiff relevant to this incident.

> 10. Valerie Chacon
>     c/o Blaine T. Mynatt
>     Haley R. Grant
>     MYNATT SPRINGER P.C.
>     P.O. Box 2699
>     Las Cruces, NM  88004-2699
>     (575) 524-8812
>     btm@mynattspringer.com
>     hrg@mynattspringer.com
>     *Attorneys for City Defendants*

Ms. Chacon is expected to testify regarding her role in prosecuting Plaintiffs for the incident at in municipal and district court; her communications with Plaintiffs' criminal defense attorneys and personnel from the Fifth Judicial District Court and Fifth Judicial District Attorney's Office concerning Chacon's prior approval to act as a special prosecutor and related confusion concerning which office would submit the appropriate filings with the district court. Ms. Chacon is further expected to testify to the probable cause supporting Plaintiffs' charges.

> 11. Dianna Luce
>     Fifth Judicial District Attorney
>     c/o John S. Stiff, Sr.
>     Julia Y. Parsons
>     STIFF GARCIA & ASSOCIATES, LLC
>     500 Marquette Ave. NW, Suite 1400
>     Albuquerque, N.M. 87102

(505) 243-5755
jstiff@stifflaw.com
jparsons@stifflaw.com
*Attorney for Fifth Judicial District Attorney's Office*

DA Luce is expected to testify concerning her approval of Ms. Chacon's role as special prosecutor over Plaintiffs' charges prior to Chacon's entry as special prosecutor and related confusion as to who would submit the proper filings with the district court. DA Luce is further expected to testify concerning how special prosecutor appointments are made, district court's notice obligations to counsel, and the lack of any initial notice prosecutors alerting criminal defense counsel to the fact of criminal charges filed in district court.

    12. Heather Bara
        Legal Assistant
        City of Hobbs
        300 N. Turner St.
        Hobbs, NM 88240
        hbara@hobbsnm.org
        (575) 397-9226

Ms. Bara is expected to testify concerning the emails she sent to Benjamin Gubernick and related communications allowing access to materials concerning Plaintiffs' criminal defense.

    13. Amber Lejia
        Assistant City Attorney
        c/o Blaine T. Mynatt
        Haley R. Grant
        MYNATT SPRINGER P.C.
        P.O. Box 2699
        Las Cruces, NM  88004-2699
        (575) 524-8812
        btm@mynattspringer.com
        hrg@mynattspringer.com
        *Attorneys for City Defendants*

Ms. Lejia is expected to testify concerning her role in the prosecution of Plaintiffs' incident charges in municipal court and related communications with Plaintiffs' criminal defense attorneys and the municipal court.

    14. Ofc. Kyler Smoot
        New Mexico State Police
        5100 Jack Gomez Blvd.
        Hobbs, NM 88240
        (575) 392-5580

Ofc. Smoot is expected to testify to his recollections of his observations during the incident including communications he observed and made with witnesses, other officers, and Plaintiffs on scene related to their arrest and the vehicle collision as well as the basis for his response to the scene and his assessment of probable cause related to Plaintiffs' arrests.

      15. Ofc. Medano
          New Mexico State Police
          5100 Jack Gomez Blvd.
          Hobbs, NM 88240
          (575) 392-5580

Ofc. Medano is expected to testify to his recollections of his observations during the incident including communications he observed and made with witnesses, other officers, and Plaintiffs on scene related to their arrest and the vehicle collision as well as the basis for his response to the scene and his assessment of probable cause related to Plaintiffs' arrests.

      16. Any witnesses identified through discovery.

      17. Any witnesses for impeachment or rebuttal.

      18. Any witnesses necessary for authentication.

      19. Any witnesses identified by Plaintiff.

<u>City Defendants' Exhibits:</u>

      1.  911 Calls (Bates Nos. 000001—000003)

      2.  Gerhardt Pleadings (Bates Nos. 000004—000035)

      3.  HPD Videos (Bates Nos. 000036—000064)

      4.  HR Files for Officers (Bates Nos. 000065—000858)

      5.  Officer Maxwell Photos at Scene (Bates Nos. 00059—000885)

      6.  Pacheco Pleadings (Bates Nos. 000886—000907)

      7.  Tort Review (Bates Nos. 000908—000970)

      8.  Alena Gerhardt Arrest Report (Bates Nos. 000971—000972)

      9.  Alena Gerhardt Criminal Complaint (Bates Nos. 000973—000980)

      10. A. Gerhardt DWI Citation (Bates Nos. 000981—000982)

11. A. Gerhardt Notice of Revocation (Bates Nos. 000983—000985)

12. A. Gerhardt Citation (Bates Nos. 000986)

13. T. Pacheco's Criminal Complaint (Bates Nos. 000987—000990)

14. Tort Claim Correspondence (Bates Nos. 000991—000992)

15. Notice of Suit (Bates Nos. 000993—000995)

16. HPD CAD Log (Bates Nos. 000996—000998)

17. Call Detail Report (Bates Nos. 000999—001005)

18. HPD Incident Report (Bates Nos. 001006—001013)

19. Email Correspondence between City and Plaintiffs' counsel (Bates Nos. 001014—001015)

20. Email Correspondence between City and Plaintiffs' counsel re conditions of release (Bates Nos. 001016—001017)

21. HPD's Current Rules & Regulations (Bates Nos. 001018—001710)

22. HPD Crash Report (Bates Nos. 001711—001716).

<u>City Defendants' Expert Witnesses:</u>

Insofar as Plaintiffs may allege the force against them was unreasonable, Defendants anticipate calling a use of force expert to opine as to the force used to apprehend Plaintiffs. Defendants may also call a medical expert to opine as to Plaintiffs' alleged "physical injuries."

<u>Defendant Fifth Judicial District Attorney's Office's Fact Witnesses:</u>

1. Valerie Chacon
   c/o Blaine T. Mynatt
   Haley R. Grant
   MYNATT SPRINGER P.C.
   P.O. Box 2699
   Las Cruces, NM  88004-2699
   (575) 524-8812

btm@mynattspringer.com
hrg@mynattspringer.com
*Attorneys for City Defendants*

Ms. Chacon is expected to testify concerning the timing of her appointment and the filing of her oath of office in connection with her role as Special Assistant District Attorney. She is expected to testify regarding her prosecutorial actions taken prior to completing the required oath, her communications with the Fifth Judicial District Attorney's Office, and the circumstances surrounding her filings in the Gerhardt and Pacheco prosecutions.

    2.   Dianna Luce
        District Attorney
        Fifth Judicial District Attorney's Office
        c/o Julia Y. Parsons
        John S. Stiff
        STIFF, GARCIA & ASSOCIATES, LLC
        500 Marquette Ave. NW, Suite 1400
        Albuquerque, NM 87102
        (505) 243-5755
        jparsons@stifflaw.com
        jstiff@stifflaw.com

District Attorney Luce is expected to testify regarding the appointment of Valerie Chacon as Special Assistant District Attorney, including the approval process, the expectation that Ms. Chacon complete and file the required oath before taking action, and the internal procedures followed by the Fifth Judicial District Attorney's Office. DA Luce may also testify regarding general prosecutorial appointment practices and the DA Office's non-involvement in Chacon's unauthorized filings.

    3.   Megan Kirtley
        Deputy District Attorney
        Fifth Judicial District Attorney's Office
        c/o Julia Y. Parsons
        John S. Stiff
        STIFF, GARCIA & ASSOCIATES, LLC
        500 Marquette Ave. NW, Suite 1400
        Albuquerque, NM 87102
        (505) 243-5755
        jparsons@stifflaw.com
        jstiff@stifflaw.com

Ms. Kirtley is expected to testify concerning her administrative role in signing the criminal informations against Plaintiffs as part of routine filing practices at the Fifth Judicial District Attorney's Office. She is expected to testify regarding the limited nature of her involvement and the fact that all subsequent prosecutorial actions were undertaken independently by Valerie Chacon, without direction, oversight, or contribution from Ms. Kirtley.

    4.   Custodian of Records
        Fifth Judicial District Attorney's Office
        c/o Julia Y. Parsons
        John S. Stiff
        STIFF, GARCIA & ASSOCIATES, LLC
        500 Marquette Ave. NW, Suite 1400
        Albuquerque, NM 87102
        (505) 243-5755
        jparsons@stifflaw.com
        jstiff@stifflaw.com

The Custodian of Records is expected to authenticate relevant documents, including appointment records, case management entries, email correspondence, and internal communications reflecting Chacon's status and instructions regarding her role.

    5.   Any witness identified through discovery.

    6.   Any witness identified by Plaintiffs or other Defendants.

    7.   Any rebuttal, impeachment, or authentication witness as necessary.

<u>Defendant Fifth Judicial District Attorney's Office's Exhibits:</u>

    1.   Appointment of Valerie Chacon as Special Assistant District Attorney.

    2.   Oath of Office Executed by Valerie Chacon.

    3.   Email from District Attorney Dianna Luce to Valerie Chacon dated January 9, 2025.

    4.   Email chain between Valerie Chacon and Dianna Luce dated January 2, 2025 and January 6, 2025.

    5.   Criminal informations filed in pertinent cases.

    6.   Odyssey Case Management Entry Logs.

    7.   Internal FJDA Case Management Notes regarding Ms. Chacon's appointment.

    8.   Certificate of Service and Entry of Appearance filed by Valerie Chacon in pertinent cases.

    9.   Court Notice Logs showing parties notified of January 7, 2025 hearing.

    10. Plaintiffs' Complaint.

11. Entry of Appearance filed by Valerie Chacon in pertinent cases.

12. Motion to Expedite filed by Valerie Chacon on January 7, 2025 in pertinent cases.

13. Plaintiffs' Response to Motion to Expedite filed on January 8, 2025.

14. Certificate of Service Signed by Valerie Chacon on Motion to Expedite.

15. Notice of First Appearance issued by District Court on December 31, 2024.

<u>Defendant Fifth Judicial District Attorney's Office's Expert Witnesses:</u>

Defendant may call an expert in prosecutorial ethics or public officer qualification to respond to any expert testimony offered by Plaintiffs regarding prosecutorial conduct. Defendant also reserves the right to call any expert disclosed by other parties and to offer rebuttal or impeachment testimony as needed.

Discovery will be needed on the following subjects: Both parties state that discovery will be needed on liability and damages.

Maximum of **25** interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of **25** requests for admission by each party to any other party. (Response due **30** days after service).

Maximum of **25** requests for production by each party to any other party. (Response due **30** days after service).

Maximum of _ depositions by Plaintiffs, **4** depositions by City Defendants, _ by Defendant Fifth Judicial District Attorney's Office (not including expert depositions).

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

For Plaintiffs: November 17, 2025

For Defendants: December 17, 2025

Supplementation under Rule 26(e) is due 30 days after receipt of information.

All discovery commenced in time to be complete by January 16, 2025.

### PRETRIAL MOTIONS

Plaintiffs intend to file: Plaintiffs do not intend to file dispositive motions at this time but may file motions in limine and discovery motions as necessary.

City Defendants intend to file: motion(s) for summary judgment and qualified immunity as well as motions in limine, and discovery motions as necessary.

Defendant Fifth Judicial District Attorney's Office intends to file: a motion for summary judgment as well as motions in limine and discovery motions as necessary.

### ESTIMATED TRIAL TIME

The parties estimate trial will require **5 or 6** days.

_____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in March 2026.

### SETTLEMENT

The possibility of settlement in this case is fair. However, with City Defendants' forthcoming motion for qualified immunity along and motion to stay discovery, the parties are not yet prepared to schedule a settlement conference.

### EXCEPTIONS

None.

Submitted by:

WGLA, LLP

 _/s/ Curtis Waldo_____
Benjamin Gubernick
Curtis Waldo
WGLA, LLP
717 Texas Aven. Suite 1200
Houston, TX 77002
ben@wglawllp.com
curtis@wglawllp.com
(346) 277-0287
(713) 306-0512
*Attorneys for Plaintiff*


APPROVED WITHOUT EXCEPTIONS:

MYNATT SPRINGER P.C.

_____
BLAINE T. MYNATT
New Mexico Bar No. 9471
HALEY R. GRANT
New Mexico Bar No. 145671
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
btm@mynattspringer.com
hrg@mynattspringer.com
*Attorneys for City Defendants*

STIFF GARCIA & ASSOCIATES, LLC

*/s/ Julia Parsons*
JOHN S. STIFF, Sr. ESQ.,
JULIA Y. PARSONS, ESQ.
500 Marquette Ave. NW, Suite 1400
Albuquerque, N.M. 87102
(505) 243-5755
jstiff@stifflaw.com
jparsons@stifflaw.com
*Attorneys for Fifth Judicial District Attorney's Office*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document in compliance with the Federal Rules of Civil Procedure on May 21, 2025.

*/s/ Curtis Waldo*
Curtis Waldo