IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT and
TYRIN PACHECO,

      Plaintiffs,

v.                                                                                    Civ. No. 25-110 DHU/GBW

THE CITY OF HOBBS, *et al.*,

      Defendants.

## ORDER SETTING PRETRIAL DEADLINES
## AND BRIEFING SCHEDULE

The Court held a Rule 16 initial scheduling conference on June 4, 2025. The case is hereby assigned to a standard case management track. Additionally, the Joint Status Report, after consultation with the parties, is adopted as an order of the Court, except as noted below.

The deadline for Plaintiffs to amend pleadings and/or join additional parties is **July 9, 2025**. The deadline for Defendants to amend pleadings and/or join additional parties is **August 11, 2025**.

Each side shall be limited to discovery as follows: between Plaintiffs and City Defendants (comprising Defendant The City of Hobbs, Olenick, Lane, and Rivas), a maximum of fifty (50) interrogatories, fifty (50) requests for production, and fifty (50) requests for admission per side; between Plaintiffs and Defendant Chacon, a maximum of twenty-five (25) interrogatories, twenty-five (25) requests for production, and twenty-

five (25) requests for admission per side; and between Plaintiffs and Defendant Fifth Judicial District Attorney's Office, a maximum of twenty-five (25) interrogatories, twenty-five (25) requests for production, and twenty-five (25) requests for admission per side.  With respect to depositions (exclusive of expert depositions), Plaintiffs may take four (4) depositions, City Defendants may take four (4) depositions, Defendant Fifth Judicial District Attorney's Office may take four (4) depositions, and Defendant Chacon may take two (2) depositions.  Depositions shall be limited to four (4) hours (excluding depositions of parties and experts) unless otherwise agreed by the parties.

The termination date for discovery is **January 16, 2026**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories, requests for production and requests for admission[1] shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed within the twenty-one-day time limit set

---

[1] For the purposes of this Order, requests for admission are "discovery" covered by the deadlines set herein.

forth in Local Rule of Civil Procedure 26.6.[2]  *See* D.N.M.LR-Civ. 26.6.  Local Rule of Civil

Procedure 7 provides motion practice requirements and the timing of responses and

replies.  *See* D.N.M.LR-Civ. 7.

All expert witnesses must be disclosed by the parties, even if the expert is not

required to submit an expert report.  *See* Fed. R. Civ. P. 26(a)(2).  Generally speaking,

"[t]reating physicians need not prepare an expert report as required by Fed. R. Civ. P.

26(a)(2)(B)."  D.N.M.LR-Civ. 26.3(b).  **Nonetheless, a summary disclosure pursuant to**

**Fed. R. Civ. P. 26(a)(2)(C) is required if a party intends to have a treating physician**

**testify about any medical opinion.  Counsel is reminded that summary disclosures**

**required under Fed. R. Civ. P. 26(a)(2)(C) must provide not only the subject matter of**

**the expert's testimony but also a summary of the facts and opinions to which the**

**expert is expected to testify.[3]  Additionally, if a party intends to have a treating**

**physician testify as to any opinion (e.g. causation, prognosis or permanency) not**

**intrinsic to the patient's treatment or formed after treatment, the summary disclosure**

**must also include the facts, data and analysis on which that opinion is based.[4]**

---

[2] Of course, Fed. R. Civ. P. 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions.  The mere imminence of the twenty-one-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute.  Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the D.N.M.LR-Civ. 26.6 deadline.

[3] *See, e.g.*, *A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 2013 WL 5462277 at *2-4 (D. Colo. Sep. 30, 2013); *Cooke v. Town of Colorado City*, 2013 WL 551508, at *2 (D. Az. Feb. 13, 2013); *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 522-23 (N.D. Cal. 2012).

[4] Producing this summary disclosure does not excuse the failure to produce a complete expert report pursuant to Rule 26(a)(2)(B) if a complete report is required by the law for a particular opinion.

Plaintiffs shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **November 17, 2025**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **December 17, 2025**.

Dispositive pretrial motions not related to discovery[5] shall be filed with the Court and served on opposing parties by **February 16, 2026**.  Local Rule of Civil Procedure 7 provides motion practice requirements and the timing of responses and replies.  *See* D.N.M.LR-Civ. 7.  Any dispositive pretrial motion not related to discovery filed after the deadline shall be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.  *See* D.N.M.LR-Civ. 10.6.

Motion practice must be conducted in accordance with the local rules.  In particular, the Court would highlight Local Rule 7.4 which provides that response and reply deadlines "may be extended by agreement of all parties.  For each agreed

---

[5] This category of motions includes those brought to exclude evidence or testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  Deadlines for motions in limine not based on *Daubert* and other trial-focused motions will be set by the trial judge.

extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.  If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a).  Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

     **IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE