**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ALENA GERHARDT,
TYRIN PACHECO,**

       **Plaintiffs,**

                                       **No. 2:25-cv-00110 DLM/GBW**

**v.**

**THE CITY OF HOBBS,
MATTHEW OLENICK,
ANDREW LANE,
ALEJANDRO RIVAS,
VALERIE CHACON, and
THE FIFTH JUDICIAL
DISTRICT ATTORNEY'S
OFFICE,**

       **Defendants.**

**<u>DEFENDANT CITY OF HOBBS' MOTION FOR PROTECTIVE ORDER AGAINST
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION, INTERROGATORIES,
AND REQUESTS FOR ADMISSION</u>**

Defendants City of Hobbs (the "City"), by and through counsel of record, MYNATT SPRINGER P.C. (Blaine T. Mynatt and Haley R. Grant) hereby submit their Motion for Protective Order ("Motion") against Plaintiffs' First Set of Requests for Production, Interrogatories, and Requests for Admission as follows. Per D.N.M. LR-Civ 7.1(a), undersigned counsel contacted Plaintiffs' counsel concerning the Motion during the July 2, 2025 discovery conference, and Plaintiffs oppose the Motion.

**INTRODUCTION**

At the center of the City's Motion are Plaintiffs' discovery requests seeking information directly relevant to the *Ronnie Brooks v. Jonah Trevino, et al.* case in violation of a qualified

immunity stay order. *See* [2:24-cv-1276-JHR-GBW, *Ronnie Brooks v. Jonah Trevino, et al.*, Doc. 26]. Answering the discovery would violate the *Brooks* officers' entitlement not to respond to discovery. Plaintiffs' counsel and counsel for City Defendants are the same counsel representing the *Brooks* parties. Consequently, Plaintiffs are well aware of the stay order and cannot be allowed to circumvent the *Brooks* discovery order and the *Brooks* officers privilege against discovery until the court resolves the question of their immunity.

Besides a loss of the *Brooks* officers' privilege against discovery while their qualified immunity is pending before the *Brooks* court, Plaintiffs and other plaintiff's attorneys will be incentivized to seek collateral discovery between different cases. This contravenes dictates from the United States Supreme Court, Tenth Circuit, and District of New Mexico ("District") protecting potentially immune defendants from the burdens of discovery until a court determines their immunity.

Case law jealously guards officers' rights against discovery pending a qualified immunity ruling. Qualified immunity stays apply to all parties in a suit and reaches beyond discovery to outside mechanisms for obtaining information from a party protected by a stay order regardless of whether the party providing the information is the potentially immune party or not. If the reach of a stay order reaches non-immune parties via end around mechanisms like public records requests, there is simply no reason the Court should not grant the City's Motion to protect the *Brooks* officers from discovery requests in another District case.

Plaintiffs' requests for production seek "[a]ll Documents and Communications relating to" the *Brooks* case as well as "original or amended criminal complaints, criminal information, or probable cause affidavits, as well as any drafts, for" with related communications referenced in co-Defendant Fifth Judicial District Attorney's Office's initial disclosures. [Exhibit 1, Requests

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

for Production Nos. 1-5]. Plaintiffs Requests for Admission directly recognize that the implicated case is the *Brooks* case as undersigned disclosed during the Informal Discovery Dispute Conference. [Doc. 35, pg. 2].

Plaintiffs' counsel is clearly on notice as to the stay order, and the Court must prevent Plaintiffs from obtaining discovery as an end around to the stay order. Doing so protects the potentially immunity *Brooks* officers while also preventing future violations of stay orders through the means of discovery in a different suit.

## LEGAL STANDARDS

Upon a showing of good cause, a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden to prove good cause rests on the party seeking the protective order. *Velasquez v. Frontier Med., Inc.*, 229 F.R.D. 197, 200 (D.N.M. Jan. 19, 2005). The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Fed. R. Civ. P. 26(d) further allows a court to sequence discovery based on "the parties' and witnesses' convenience and in the interests of justice." Under these rules and principles, the City is entitled to a protective order against Plaintiffs' written discovery. [Exhibit 1].

## ARGUMENT

I.  **Plaintiffs' written discovery improperly seeks discovery from the *Brooks* officers in which Plaintiffs' counsel represents Plaintiff Brooks against the City, because this Court issued an order staying all discovery in *Brooks*. Thus, the Court must enter a protective order removing the City's obligation to respond to the discovery.**

Plaintiffs' discovery requests to the City would require HPD Officer Jonah Trevino, Sgt. Joshua Thomas, Officer T'Mardre Harris, Officer James Teague, and Officer Taiwan Smith to assist with responding to the requests in this case despite that discovery is stayed as to the same incident in the *Brooks* case. Plaintiffs' discovery requests in this case are an improper end around

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

the *Brooks* stay order, because the requests indirectly seek discovery from the *Brooks* officers since they must participate in discovery to answer the requests. The stay order specifically provided that

> IT IS THEREFORE ORDERED that [City] Defendants' Motion to Stay *All Discovery Proceedings* is GRANTED, and *discovery is STAYED* pending resolution of Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support (*doc. 6*) and [City] Defendants' Response to Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support and Cross-Motion for Partial Summary Judgment and Qualified Immunity.

[2:24-cv-1276-JHR-GBW, *Ronnie Brooks v. Jonah Trevino, et al*., Doc. 26 (emphasis added). The requested discovery in this case is highly likely to be introduced by the plaintiff in *Brooks* for the purpose of responding to and drafting a rely on the issue of qualified immunity. The *Brooks* officers' qualified immunity privilege protects them from the burdens of discovery until the *Brooks* court determines their entitlement to qualified immunity.

Regardless of whether Plaintiffs seek to use this discovery as part of their municipal liability showing, the law on discovery during the pendency of qualified immunity overrides their right to discovery in this case until the *Brooks* court issues decisions on qualified immunity. *See generally Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) ("[T]o establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged.") (internal citations omitted).

Qualified immunity protects public officials from the burdens of litigation including discovery. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018); *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) ("[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."); *Gallegos v. City and County of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability."). Governmental employees carry "an entitlement not

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007) (quoting *Mitchell*, 472 U.S. at 526).

"Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (The privilege of qualified immunity is effectively lost if a case goes to trial and the question of whether the privilege applies "should be resolved at the earliest stage in litigation."). The disruption presents via "the general costs of subjecting officials to the risks of trial [including the] distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, when a defendant raises qualified immunity, the court must stay all discovery as to all parties until it determines whether the privilege applies. *See Lowe v. N.M. ex rel. King*, No. 10-315-JH-LFG, 2011 U.S. Dist. LEXIS 165362, *3 (D.N.M. Oct. 3, 2011) ("[E]ven discovery sought from non-qualified immunity defendants must be stayed under the pertinent principles.").

As a result, "[s]tandard practice in [the United States District Court for the District of New Mexico] is to stay discovery – as to all defendants – when the defense of qualified immunity has been raised. *Mora v. Univ. of N.M. Hosp.*, No. 22-159 JFR/GBW, 2022 U.S. Dist. LEXIS 144276 (D.N.M. August 12, 2022) (unpublished) (quoting *Higgins v. Saavedra*, No. 1:17-cv-0234-WPL-LF, 2017 U.S. Dist. LEXIS 61328, at *1 (D.N.M. April 21, 2017) (unpublished)). "This practice arises out of a recognition that "the basic thrust of the qualified-immunity doctrine is to free official from the concerns of litigation, including avoidance of disruptive discovery, [] until the threshold

Defendant's Motion for Protective Order<br>Against Plaintiff's First Set of Requests for<br>Production, Interrogatories, and Request for Admission

issue of their immunity is resolved." *Id*. at *4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)).

Even discovery directed at other parties on issues other than qualified immunity is prohibited. *Id*. (Prohibited discovery "is not only that which is sought from potentially immune parties and "'not narrowly tailored' to the question of qualified immunity[.]") (quoting *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 283 (10th Cir. 1989); citing *Iqbal*, 556 U.S. at 685). Discovery requests "from other parties or non-parties[] *may require potentially immune parties "to participate in the discovery process* to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position."" *Id*. Factors a court should consider in the scope of a qualified immunity stay including the case's "progress, *potential prejudice to all parties, pendency of any dispositive motions, public interests in the suit,* and the court's interest in expeditious disposition of the case." *Griffin v. City of Artesia*, No. 2:23-cv-215-GJF-JHR, 2025 U.S. Dist. LEXIS 5693, *5 (D.N.M. Jan. 10, 2025) (unpublished) (emphasis added) (internal citations omitted).

Discovery limitations protect "potentially immune parties [from having] to spend time and energy monitoring the progress of discovery – even written discovery to which they do not have to respond – lest it have some effect on their litigation and settlement positions." *Id*. at *6. This is still the case when "the potentially immune defendants and non-immune defendants have the same counsel [] who can monitor the course of discovery on behalf of the former to ensure that it does not become prejudicial to their interests." *Id*. at *6-*7. A party's obligations to monitor discovery and confer with counsel are lesser than they would be than requiring the party to attend a deposition or moving to quash a subpoena. *Id*. at *7 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982)). Nevertheless, "even this lesser burden impinges potentially immune parties' entitlement

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

to not have to participate in discovery until the threshold issue of their immunity has been resolved." *Id.*

Plaintiffs written discovery here was not propounded in the *Brooks* case where the immune officers' privilege is at risk, but the risk is the same. Obligating the City to respond to Plaintiff's written discovery would require the *Brooks* officers to confer with undersigned counsel and produce all records of their communications with the Fifth Judicial District Attorney's Office, City prosecutors, and Hobbs Police Department personnel concerning plaintiff Brooks' arrest. The *Brooks* officers would also have to locate and produce drafts of their affidavits, criminal complaints, and "any drafts" of incident reports for Brooks' arrest. *See Mora*, No. 22-159 JFR-GBW, 2022 U.S. Dist. LEXIS 144276, at *5-*7.

Plaintiffs' written discovery is directly relevant to the merits of Brooks' wrongful arrest. The City's prospective discovery responses are also very likely to make an appearance in Plaintiffs' counsel forthcoming reply in support of Plaintiff Brooks' motion for partial summary judgment and forthcoming response to defendants' cross motion for partial summary judgment.[1] *See Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989) ("Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense or discovery permitted in cases where the defendant is clearly entitled to immunity would certainly fall within th[e] category" of prohibited discovery.) (internal quotations omitted). In other words, the City's discovery responses crafted with the benefit of the *Brooks* officers' input is an end around the *Brooks* stay order.

---

[1] *Ronnie Brooks v. Trevino et al.*, 2:24-cv-1276-JHR-GBW, Doc. 28, June 16, 2025 Notice of Agreed-Upon Extension (extensions of the deadlines to file Plaintiff Brooks' reply in support of motion for summary judgment due August 11, 2025 and response to city defendants' cross-motion for partial summary judgment due September 19, 2025)

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

The implications of permitting Plaintiff's discovery requests reach beyond this case and *Brooks*. If the Court requires the City to respond to Plaintiffs' written discovery, doing so would invite collateral discovery requests from other cases in which the same entity is sued. *See Griffin*, No. 2:23-cv-215-GJF-JHR, 2025 U.S. Dist. LEXIS 5693 at *5 (Valid considerations on the scope of a discovery stay include, among other things, "potential prejudice to all parties, pendency of any dispositive motions, and public interest in the suit[.]" Indeed, allowing Plaintiffs' discovery may even invite groundless lawsuits against the potentially immune official's employer to seek stayed discovery in a separate case.

Other attorneys in undersigned counsel's firm currently represent the Board of County Commissioners for Lea County ("Lea County") and its officials in five other cases Plaintiffs' counsel filed on behalf of other clients in state and federal court. Should the Court require the City to respond to written discovery here, Plaintiffs' counsel may seek to collect discovery during a stay in one of the Lea County cases by doing exactly what they have done in this case. In the future, collateral discovery might also encourage Plaintiffs' counsel and other plaintiff's attorneys to file two suits to preserve discovery against the same defendants, one with non-Section 1983 claims and one with Section 1983 claims to try to ensure free access in both cases. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("[T]driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery.").

A court in this District has already determined that an New Mexico Inspection of Public Records Act ("IPRA") request to an entity involved in a case where discovery was stayed was improper. *See e.g,, Lowe*, No. 10-315-JH-LFG, 2011 U.S. Dist. LEXIS 165362 at *8 ("[W]here specific discovery was denied a party due to a court-imposed stay, the use of an IPRA request to

Defendant's Motion for Protective Order<br>Against Plaintiff's First Set of Requests for<br>Production, Interrogatories, and Request for Admission

obtain the same information is improper.").  According to the *Lowe* court, the plaintiff's "actions in making the identical discovery request via the IPRA request constitute an improper "end run" to avoid the stricture of the federal court stay." *Id.* *7; *see also Martinez v. Carson*, 697 F.3d 1252, 1256-1257 (10th Cir. 2012) (finding consensual interviews of police officers following entry of a qualified immunity stay violated the stay requiring "that all *discovery* in th[e] case be stayed."); *Encinias v. Sanders*, 570 F. Supp. 1078, 1088 (D.N.M. 2021)  (non-precedential) ("The Tenth Circuit's decision in *Martinez* demonstrates that an order staying discovery can reach the gathering of information through a mechanism outside the Federal Rules of Civil Procedure.").

The *Brooks* officers must be protected from the burdens of discovery and the risk that discovery in a separate suit may unfold "in a misleading and slanted way that causes prejudice" because "[e]ven if [the other defendants] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *See Iqbal*, 556 U.S. at 685-686.  If there were other defendants in the *Brooks* case who violated a complete discovery stay, the *Brooks* officers' privilege would be lost during the City's response to Plaintiffs' discovery here.  The fact that the discovery at issue concerns the privilege in a different suit does not alleviate risk of the lost privilege or controlling precedent directed against preventing the loss of the qualified immunity discovery privilege. *See id.*; *Brassell v. City of Santa Rosa*, 2023 U.S. Dist. LEXIS 5727, *3-*4 (D.N.M. Jan. 12, 2023) (unpublished) (Courts are "bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised[.]").

The mechanism for seeking discovery from the *Brooks* officers is only proper via a request for Fed. R. Civ. P. 56(d) discovery in response to the *Brooks* officers' qualified immunity defense. *See Martinez*, 697 F.3d at 1256 ("To the extent [the p]laintiff believes that some discovery is

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

necessary to respond to the pending motion for summary judgment, [the p]laintiff  should proceed in accord with this [c]ourt's earlier instructions on Fed. R. Civ. P. 56[(d)].").

## CONCLUSION

On the foregoing grounds, the Court must enter a protective order to allow the City to not respond to Plaintiffs' discovery requests.

Respectfully submitted,

MYNATT SPRINGER P.C.

BLAINE T. MYNATT
New Mexico State Bar No. 9471
HALEY R. GRANT
New Mexico State Bar No. 145671
P.O. Box 2699
Las Cruces, NM 88004
Phone: (575) 524-8812
Fax: (575) 524-0726
btm@mynattspringer.com
hrg@mynattspringer.com
*Attorneys for Defendants*

## CERTIFICATE OF DELIVERY

I hereby certify that on July 9, 2025, a true and correct copy of the foregoing pleading was served upon the following counsel via email and the CM/ECF File and Serve system:

WGLA, LLP
Benjamin Gubernick
Ben@wglawllp.com

Curtis Waldo
curtis@wglawllp.com
*Attorneys for Plaintiff*

STIFF, GARCIA & ASSOCIATES, LLC
Julia Y. Parsons
John S. Stiff
jstiff@stifflaw.com
jparsons@stifflaw.com
*Attorney for Defendant Fifth Judicial
District Attorney's Office*

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission

GARCIA LAW GROUP, LLC
Bryan C. Garcia
Alyxandria Callison
bgarcia@garcialawgroupllc.com
acallison@garcialawgroupllc.com
*Attorneys for Defendant Valerie Chacon*

_____
HALEY R. GRANT

Defendant's Motion for Protective Order
Against Plaintiff's First Set of Requests for
Production, Interrogatories, and Request for Admission