## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALENA GERHARDT,**
**TYRIN PACHECO,**

      **Plaintiffs,**

                                **No. 2:25-cv-00110 JHR/GBW**

**v.**

**THE CITY OF HOBBS,**
**MATTHEW OLENICK,**
**ANDREW LANE,**
**ALEJANDRO RIVAS,**
**VALERIE CHACON, and**
**THE FIFTH JUDICIAL**
**DISTRICT ATTORNEY'S**
**OFFICE,**

      **Defendants.**

## RESPONSE TO DEFENDANT CITY OF HOBBS' MOTION FOR PROTECTIVE ORDER

Plaintiffs file this Response to Defendant the City of Hobbs' Motion for Protective Order against Plaintiffs' First Set of Requests for Production, Interrogatories, and Requests for Admission, and in support state as follows:

### I.    Preliminary Statement

The stay of discovery relied on by Defendant City of Hobbs (the "City") was not entered in this case.  It was entered in the *Brooks* case.  There is no stay of discovery in this case, nor is there a pending motion based on qualified immunity in this case.  The question is therefore, does the discovery sought meet the relevance and proportionality parameters set forth in Rule 26?  The answer is clearly "yes," and the City does not contend otherwise.  Hence, the City's Motion should be denied, and it must respond to the discovery requests.

1

Plaintiffs further note that qualified immunity protects *law enforcement officers and government officials* from participating in discovery. *See* the City's Motion for Protective Order (Dkt. #36) ("Mot.") at 4-5 (collecting cases). Qualified immunity does not protect government employers like the City. Hence, even if the defendant officers in *Brooks* won unequivocally on qualified immunity, discovery in *Brooks* would still proceed against the City. And even if the City won dismissal of all claims in *Brooks*, it would still have to respond to Plaintiff's discovery requests in the present matter. Yet somehow the City proposes to use the *Brooks* discovery stay to benefit itself in this litigation, where the officers are not even parties. None of the authorities cited by the City support its "cross-case" qualified immunity theory, and Plaintiffs are aware of no such authorities.

This is the same analysis the Court previewed during the informal discovery conference on July 2, and the now-filed Motion provides no reason the Court should deviate from its earlier logic. For these reasons and those set forth below, the City's Motion should be denied, and the City should be ordered to respond to the subject discovery requests by July 25, 2025, which is 30 days from when they were served.[1]

## II.    Arguments raised by the City are without merit.

The above analysis is sufficient to dispose of the City's Motion. That said, Plaintiffs will address specific points raised by the City.

*1.    The City:  "The discovery sought is relevant to the* Brooks *case."*

The City contends the subject discovery is relevant to the *Brooks* case, and hence its production in the above-captioned *Gerhardt/Pacheco* case would violate the stay in *Brooks*. But

---

[1] Plaintiffs acknowledge that the City's reply brief is due on July 18, so this would be a quick turnaround. But the discovery requests are very limited, and the City has known since July 2 at the latest that its request for a protective order would likely be unsuccessful.

the City is not connecting the dots in its argument. Yes, the discovery may be relevant to *Brooks*, but so what? It is relevant in this case, too. Based on emails produced by the Fifth Judicial District Attorney's Office ("DA Office"),[2] there is ample reason to believe the City's practice is to use procedural tricks to punish criminal defendants who complain about violations of their civil rights. The scheme consists of re-filing criminal complaints in district court, not informing the defendant or the defendant's counsel, and then jailing the defendant for failing to appear for arraignment. This scheme goes to the heart of Plaintiffs' deprivation of right to counsel claim in *Gerhardt/Pacheco*, as well as Plaintiffs' *Monell* claim. Moreover, evidence that criminal defendants besides Gerhardt and Pacheco have been targeted informs the likelihood that punitive damages will be awarded, which will be a significant factor in valuing the case at the August 8 settlement conference.

Again, the City does not dispute the discovery's relevance to *Gerhardt/Pacheco*. The City is merely pointing out that the discovery may have relevance in *Brooks*, too. But that is beside the point. That the City employed its scheme in multiple cases is more reason why the discovery should be produced, not less.

2.    *The City: "The* Brooks *officers would be burdened."*

Next, the City argues the five defendant officers in *Brooks*—Trevino, Thomas, Harris, Smith, and Teague—would be burdened by responding to discovery in *Gerhardt/Pachecho*. But these officers are not parties here. There are no discovery requests directed toward them. The discovery requests are directed at the City.

The City appears to be saying that the defendant officers may have to do some degree of work to respond to the discovery, but even this is doubtful. Plaintiffs are not asking the defendant

---

[2] *See* Mot. at Ex. 1. The emails are at the end of Exhibit 1.

officers to appear for deposition. Plaintiffs are not sending them subpoenas. The documents requested are in the *City's* possession. Indeed, the interrogatories are limited to specific questions about an email chain produced by the DA Office, authored by City employees Valerie Chacon and Amber Leija. Defendant officers are not on the emails and are unlikely to have had any involvement in the City's decision to abort the third case's filing.

The City is correct that Plaintiffs request documents and communications about the "other case" (apparently *Brooks*), but the parties already have most documents and communications relating to *Brooks*, including all the body camera footage, the original police reports, and the original criminal complaint. What Pacheco/Gerhardt and Brooks do not have are the district court charging documents the City prepared in December and early January, which Chacon and Leija were planning to use to re-file charges against Brooks. That discrete set of information should be easily available to the City. Indeed, Chacon and Leija referenced the documents they were planning to file in the emails produced by the DA's Office *in this case*. *See* Mot. at Ex. 1, FJDA-09, and -10). What are these documents? What were they planning to file? Plaintiffs are entitled to know.[3]

In any event, that the defendant officers from *Brooks* must do some modicum of work is not grounds for granting the requested protective order. To reiterate: the officers will have to do that work regardless of how their qualified immunity motion in *Brooks* turns out. The defendant officers work for the City. Hence, the defendant officers are under the City's control, and the City may and indeed must instruct the officers to cooperate, as in any other case.

---

[3] Of course, even if the officers did have to incur some burden in assisting the City to respond to the discovery requests, that is the fault of the City and the officers, not Plaintiffs. It is the City's own emails (produced by the DA Office) and the words of its own employees that connect *Gerhardt/Pacheco* with *Brooks*. If the City wished to spare its officers this discovery burden, it could have kept the cases separate, but Chacon and Leija chose not to do that.

3.      *The City:  "Compliance with the discovery requests might result in collateral discovery."*

The City coins a term, "collateral discovery," by which the City apparently means discovery that is relevant in two different cases.  But there is no prohibition against "collateral discovery," and the City fails to identify any legal authority supporting its position.  This Court correctly identified the criteria for discoverable information at the informal discovery conference: relevance and proportionality.  Neither of those requirements is offended by Plaintiffs' discovery requests.

The parade of horribles posited by the City about unscrupulous plaintiffs filing multiple cases to circumvent discovery stays is absurd and unfounded.  This is not an instance where the same plaintiff filed two lawsuits, one against the defendant officers and one against the City, based on the same set of facts and sought discovery in one case while the other is stayed. *Gerhardt/Pacheco* and *Brooks* are not based on the same set of facts.[4]  Tellingly, despite being filed in the same court as *Brooks*, the defendants have never sought consolidation.

The real parade of horribles arises if the City gets its way.  If a stay of discovery against defendant police officers in one case can lead to a stay of discovery against the employer they work for, in a different case, with different plaintiffs, based on a different set of facts, then defendants like the City would be motivated to violate more people's rights.  By daisy chaining discovery stays in unrelated cases, the City could effectively grind all litigation against it to a halt. This would serve neither justice nor efficiency.

---

[4] While *Gerhardt/Pacheco* and *Brooks* are not based on the same set of facts, they do involve a similar scheme by the City to punish criminal defendants for employing civil counsel.  Defendant is over-reading this similarity to mean that the *Brooks* stay should also mean a stay in *Gerhardt/Pacheco*.  Ironically, under the City's logic, what the City did to Gerhardt and Pacheco, and what it attempted to do to Brooks, are *so* similar that the *Brooks* stay should extend to *Gerhardt/Pacheco*.  It is unclear if the City understands the implication of its own argument.  If the City's behavior in both cases was so similar that the cases meld into one, the City is admitting its own culpability.

4.    *The City:  "The same counsel represents Plaintiffs in* Brooks *and* Gerhardt/Pacheco.*"*

The City accuses undersigned counsel of using *Gerhardt/Pacheco* to do an end run of the discovery stay in *Brooks*, but counsel is just going where the evidence points.  It was the City's employees who put their scheme in writing, and the DA Office that produced the emails in its initial disclosures.[5]  Undersigned counsel would be remiss if they did not seek that discovery because of their parallel representation of Brooks.  Back to the parade of horribles, according to the City, clients such as Gerhardt and Pacheco should be discouraged from hiring the counsel of their choosing, lest they be disadvantaged by a discovery stay in some other case.  This is absurd.[6] Indeed, it took the same counsel representing Gerhardt, Pacheco, and Brooks to uncover the City's scheme.  If different counsel had represented plaintiffs in the two cases, that would be to the detriment of those clients.

The City also posits that undersigned counsel may use the discovery sought here in a Reply brief in the *Brooks* case, due August 11.  Mot. at 4 ("The requested discovery in this case is highly likely to be introduced by the plaintiff in *Brooks* for the purpose of responding to and drafting a re[p]ly on the issue of qualified immunity.").  This is a strange argument.  Not to beat a dead horse, but the above-captioned case is *Gerhardt/Pacheco*, not *Brooks*.  That *other parties* may be disadvantaged in *another case* is hardly reason to stay discovery in this case.  But more than that, the City appears to be saying that it possesses discovery that it did not disclose to Brooks in his criminal case that would make summary judgment in Brooks' favor more likely in his civil case. If this is so, that would be highly material to *Brooks* and potentially to *Gerhardt/Pacheco* as well as it is further evidence of the City's scheme to punish civil plaintiffs in criminal proceedings.[7]

[5] Notably, the existence of these emails was not disclosed in the City's initial disclosures.
[6] And ironic, given that Gerhardt and Pacheco are claiming deprivation of right to counsel.
[7] The *Brooks* settlement conference is scheduled for August 13.  Undersigned counsel notes that they requested an extension of their *Brooks* Reply brief due date in support of their summary

The City argues that Brooks may seek Rule 56(d) discovery (Mot. at 9-10), but Rule 56(d) discovery is for the "nonmovant." Brooks is a summary judgment movant, and it is his reply brief due August 11 that the City is ostensibly concerned about. To the extent the City is arguing that Brooks may seek Rule 56(d) evidence in response to the City's summary judgment motion (due in September), that is true, though the body camera footage itself in *Brooks* is sufficient to deny that Motion. Any additional discovery would be icing on the cake.

5.    *Legal authority cited by the City undermines its argument.*

The City cites authority for the proposition that, where certain defendants move on qualified immunity, discovery is stayed as to other defendants, too. Mot. at 5-7. Plaintiffs agree with that. That is why Plaintiffs did not oppose the stay in *Brooks* as to the City. But none of the cases cited by the City support the novel proposition that, where a stay is in effect in one case, that stay applies to officials and entities in another case. Cases cited by the City say the opposite, that the stay applies to "all parties"; that is, all parties *in that case*. *See* Mot. at 5 ("[W]hen a defendant raises qualified immunity, the court must stay all discovery *as to all parties* until it determines whether the privilege applies."). The City cites no caselaw supporting its broader reading, and Plaintiffs are aware of none.

## III.    Conclusion

For the above reasons, and those presented by undersigned counsel at the July 2, 2025 informal discovery conference, the City's Motion should be denied. The City should be ordered

---

judgment motion past August 13 to keep down attorney's fees, but the City declined to grant this extension, saying it wanted to see Brooks' reply brief before the settlement conference. Yet the City now argues that undersigned counsel is orchestrating some master plan to circumvent the *Brooks* discovery stay to gain new facts to use in its reply brief. If undersigned counsel really had such a plan in mind, it never would have requested the *Brooks* reply brief be due after August 13.

7

to respond to Plaintiffs' discovery requests on or before July 25, 2025.  Plaintiffs seek all other relief the Court deems proper at law or in equity.

July 16, 2025

WGLA, LLP

*/s/ Curtis Waldo*_____
Benjamin Gubernick
Curtis Waldo
717 Texas Ave. Suite 1200
Houston, TX 77002
ben@wglawllp.com
curtis@wglawllp.com
(346) 277-0287
(713) 306-0512
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on PACER on July 16, 2025, which will serve the document on opposing counsel.

*/s/ Curtis Waldo*_____
Curtis Waldo

8