IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT and
TYRIN PACHECO,

    Plaintiffs,

v.                                              Civ. No. 25-110 DHU/GBW

THE CITY OF HOBBS, *et al.*,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT CITY OF HOBBS' MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Defendant City of Hobbs' Motion for Protective Order Against Plaintiffs' First Set of Requests for Production, Interrogatories, and Requests for Admission ("Motion"). *Doc. 36*. Having considered the Motion, the attendant briefing (*docs. 37, 38, 40-1, 40-2*), and the parties' oral argument (*doc. 45*), the Court will GRANT IN PART and DENY IN PART the Motion.

**I.**     **BACKGROUND**

This discovery dispute concerns whether Plaintiff's First Set of Requests for Production, Interrogatories, and Requests for Admission ("Plaintiff's First Set of Written Discovery Requests"), *doc. 36-1*, would contravene this Court's order staying all discovery proceedings in a separate case pending before it, Order Granting Defendants' Motion to Stay All Discovery Proceedings, *Brooks v. Trevino, et al.*, No. 2:24-cv-01276-

1

JHR-GBW, *doc. 26* (D.N.M. June 10, 2025).  The Order Granting Defendants' Motion to Stay All Discovery Proceedings ("Stay Order") in *Brooks v. Trevino, et al* ("*Brooks*") stayed all discovery in *Brooks* until the Court resolves the parties' cross-motions for summary judgment, through which the law enforcement officer defendants assert a qualified immunity defense.  Stay Order at 1.  Plaintiff's First Set of Written Discovery Requests seek information from Defendant City of Hobbs ("Defendant City") regarding "another case" and "one more case," which both parties acknowledge are references to the *Brooks* case.  *Docs. 35*, *36-1*.  Defendant City argues that responding to Plaintiff's First Set of Written Discovery Requests would violate the *Brooks* Stay Order because it would effectively require the law enforcement officer defendants in *Brooks* to engage in discovery, contrary to their entitlement to a stay while their qualified immunity defense is pending before the *Brooks* court.  *See generally docs. 36, 38*.  Plaintiffs contend, however, that their First Set of Written Discovery Requests do not violate the *Brooks* Stay Order.  *See generally doc. 37*.

      The Court held an Informal Discovery Dispute Conference on July 2, 2025, during which counsel for Defendant City requested leave to file a formal motion for a protective order.  *Doc. 35*.  Defendant City filed the instant Motion on July 9, 2025.  *Doc. 36*.  Plaintiffs filed their response on July 16, 2025.  *Doc. 37*.  Defendant City filed its reply on July 18, 2025.  *Doc. 38*.  On July 21, 2025, the Court granted Plaintiffs' request for leave to file a surreply for the limited purpose of submitting declarations clarifying

2

that their counsel did not request or suggest that any individual submit an Inspection of Public Records Act request related to the *Brooks* case.  *Docs. 40, 40-1, 40-2, 41*.  The Court held a hearing on the Motion on July 25, 2025.  *Doc. 45*.

## II.   LEGAL STANDARDS

Undeniably, an order staying discovery in a case prohibits any party from utilizing the mechanisms of the Federal Rules of Civil Procedure in that case to obtain information.  However, the Tenth Circuit has concluded that the prohibition imposed by an order staying discovery can reach beyond that limited purview in certain circumstances.  *See Martinez v. Carson*, 697 F.3d 1252, 1256-57 (10th Cir. 2012) (affirming sanction for conducting voluntary recorded interviews when a discovery stay was in place notwithstanding the fact that the interviews were not depositions or otherwise conducted pursuant to the Federal Rules of Civil Procedure).  Nonetheless, any extension of a stay order beyond its ordinary application should be the exception, and, if necessary, carefully limited given the countervailing First Amendment and various statutory rights to seek information.  *See Encinias v. Sanders*, 570 F. Supp.3d 1078 (D.N.M. Nov. 4, 2021).

## III.   ANALYSIS

Based on the case law cited above and the explanations provided to the Court by parties' counsel at the Motion hearing on July 25, 2025, *see doc. 45*, the Court rules as follows:

### A. Request for Production Nos. 1-5

The Motion is granted in part with respect to Request for Production Nos. 1 through 5 with the following exception: Defendant City shall produce any written communications sent from the City Attorney's Office and the District Attorney's Office, whether exchanged within or between those offices or directed to the law enforcement officer defendants in *Brooks*. This exception shall not include any communications from the officers themselves.

### B. Interrogatory Nos. 1-2

The Motion is denied with respect to Interrogatory Nos. 1 and 2, and Defendant City shall respond.

### C. Interrogatory No. 3

The Motion is granted with respect to Interrogatory No. 3. Defendant City need not respond.

### D. Interrogatory No. 4

The Motion is granted in part with respect to Interrogatory No. 4 with the following exception: Defendant City shall answer whether the City Attorney's Office or the District Attorney's Office initiated a request to law enforcement to submit or prepare an amended complaint, and, if so, how and when that request was made.

### E. Request For Admission Nos. 1-2

The Motion is denied with respect to Request for Admission Nos. 1 and 2, and Defendant City shall respond.

### IV. CONCLUSION

For the reasons stated above, Defendant City of Hobbs' Motion for Protective Order Against Plaintiffs' First Set of Requests for Production, Interrogatories, and Requests for Admission is GRANTED IN PART and DENIED IN PART.

Defendant City shall serve the discovery responses required by this Order **no later than August 4, 2025.**

Having considered Fed. R. Civ. 37(a)(5), the Court finds it appropriate for each side to bear their own costs and fees associated with bringing and responding to the motion.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE