IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT and
TYRIN PACHECO,

     Plaintiffs,

v.                                      No. 2:25-cv-00110-JHR-GBW

THE CITY OF HOBBS, MATTHEW
OLENICK, ANDREW LANE,
ALEJANDRO RIVAS, VALERIE
CHACON, and THE FIFTH JUDICIAL
DISTRICT ATTORNEY'S OFFICE,

     Defendants.

**FIFTH JUDICIAL DISTRICT ATTORNEY'S OFFICE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SUPPORTING MEMORANDUM**

Defendant Fifth Judicial District Attorney's Office, through its undersigned counsel, Stiff, Garcia & Associates (John S. Stiff, Sr. and Julia Y. Parsons), hereby submits its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Pursuant to D.N.M.LR-Civ. 7.1(a), Defendant Fifth Judicial District Attorney's Office sought the parties' positions on this Motion. As of the time of filing, Plaintiffs had not responded regarding their position on the relief requested herein. City Defendants take no position on the relief requested herein. Defendant Valerie Chacon takes no position on the relief requested herein.

## I.    Introduction

This case arises from Plaintiffs' July 13, 2024 arrests after Plaintiff Gerhardt was involved in a single-vehicle accident. Police arrested her for DWI after alleged pressure from fellow officers. Police then arrested her boyfriend, Plaintiff Pacheco, who was at the scene, for alleged tampering

with evidence and disobeying a lawful police order. Plaintiffs allege these arrests were not supported by probable cause. After being arrested, Plaintiffs were jailed and charges were filed against them in Hobbs Municipal Court by the City Attorney's Office. Criminal proceedings ensued but on December 9, 2024, City prosecutors dismissed the cases against Plaintiffs without prejudice. There was no involvement by the Fifth Judicial District Attorney's Office up to this point.

However, on December 31, 2024, the District Attorney's Office filed criminal informations in Lovington District Court against Plaintiffs, based on the same events that gave rise to the criminal cases in Hobbs Municipal Court. *Complaint* at ¶ 82. Although Plaintiffs claim they did not originally receive notice of the criminal prosecutions at the time they were filed in District Court, by January 7, 2025, Plaintiffs confirm they became aware of the criminal cases against them. *Complaint* at ¶¶ 90-92. On January 10, 2025, the Fifth Judicial District Court dismissed the criminal cases against Plaintiffs. *Complaint* at ¶ 109.

As a result of these alleged facts, Plaintiffs filed suit alleging the following claims: (1) Count I for civil rights violations against the City of Hobbs and the Fifth Judicial District Attorney's Office based on violations of the New Mexico Civil Rights Act ("NMCRA"); (2) Count II for battery, false arrest, false imprisonment, abuse of process, and malicious prosecution against the City of Hobbs and individual Defendants Olenik, Lane, and Rivas; and (3) Count III for violation of the Fourth and Sixth Amendments against the City of Hobbs and individual Defendants Olenick, Lane, Rivas, and Chacon. Because the first Count is the only one Plaintiffs assert against the Fifth Judicial District Attorney's Office, that is the only claim addressed in this Motion.

## II.    Legal Standard

The same standard applies to both a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is filed after a defendant has answered a plaintiffs' complaint.  *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).  The standard governing motions to dismiss is set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, (2009), requiring the district court to accept the well-pled factual allegations in the complaint as true, and, resolving all reasonable inferences in the plaintiff's favor, to ask whether it is plausible that the plaintiff is entitled to relief based on those allegations.  *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

However, when considering a claim of immunity, which forms the basis of the present Motion, courts recognize that an immunity defense is conceptually distinct from the merits of a claim, and, therefore, a court considering an immunity claim need not even determine whether the plaintiffs' allegations state a claim. *Montoya v. Vigil,* 896 F.3d 1056, 1064 (10th Cir. 2018) (stated recognition in the context of a qualified immunity claim). Therefore, applicability of the immunity doctrine can be evaluated without considering the merits of the facts alleged or the evidentiary support for them. *See id.*

### III.  Legal Argument

Plaintiffs' state civil rights claim against the City of Hobbs is based on the actions of the City's law enforcement officers and most of Count I is based on the City's liability in connection with the criminal prosecutions. The claim against the Fifth Judicial District Attorney's Office in Count I is that it deprived Plaintiffs of their right to appear and defend themselves in the criminal prosecution, in violation of Article 2, § 14 of the New Mexico Constitution, by filing baseless

3

criminal charges against them and by allegedly failing to notify Plaintiffs' counsel of the district court proceedings. *Complaint* at ¶¶ 133, 134.

Article 2, § 14 of the New Mexico Constitution provides: "No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies, except in cases arising in the militia when in actual service in time of war or public danger." The Fifth Amendment to the United States Constitution is nearly identical: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger." There is no argument that the New Mexico constitutional provision provides greater protection than the United States Constitution, especially given the identical nature of the comparable state and constitutional provisions. Therefore, this Court may "assume the protection under both are the same" in connection with its analysis of Plaintiffs' NMCRA claim. *See Aragon v. Martinez,* 2025 WL 1923458, at ¶ 24 (N.M. July 14, 2025).

Under New Mexico law, when evaluating a state constitutional claim, New Mexico courts "first look to federal precedent construing an analogous provision in the United States Constitution," *Atencio v. State,* 2025 WL 1621659, at ¶ 53 (N.M. App. June 3, 2025), unless the interstitial approach dictates that the state constitutional claims should be construed differently or more broadly than the federal constitutional claim. *See State v. Gomez,* 1997-NMSC-006, ¶ 19, 122 N.M. 777. In *Gomez,* the court set forth three factors in determining whether to apply an interstitial approach: whether the federal approach is flawed, whether there exist structural differences between state and federal government such that a different interpretation of state versus federal constitutional rights is warranted, or whether there are distinctive characteristics about state law that differ from federal law that would dictate a different analysis of the asserted constitutional

4

right. None of those factors apply here. Therefore, federal law provides guidance in the interpretation of Plaintiffs' NMCRA claim against the Fifth Judicial District Attorney's Office and whether the doctrine of absolute immunity bars their claim.

It is well-settled that prosecutors are absolutely immune from liability for damages in § 1983 lawsuits for actions that are taken in connection with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Courts use a functional approach to determine when a prosecutor's actions are entitled to absolute immunity, focusing on the nature of the function performed, as opposed to the identity of the actor who performed it. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The United States Supreme Court has emphasized that absolute immunity applies when a prosecutor is functioning in the role of an advocate. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see also Mink v. Suthers*, 482 F.3d 1244, 1261–62 (10th Cir.2007). There can be no argument here that Defendant Chacon, who Plaintiffs allege was acting on behalf of the Fifth Judicial District Attorney's Office, was acting in any other capacity than as an advocate when prosecuting the District Court criminal cases against Plaintiffs. Her actions were clearly associated with the judicial, criminal process and implicated a uniquely prosecutorial function. *See Mink,* 482 F.3d at 1261 (considering factors applying to whether a prosecutor is functioning in the role of an advocate).

To this end, "'[a] prosecutor's charging decisions are absolutely immune from civil suit for monetary damages.'" *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir.2007) (*citing Hartman v. Moore*, 547 U.S. 250, 261–62 (2006)); *see also Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (holding that "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute," so long as they are acting as an advocate rather than a witness). This immunity "undoubtedly includes initiating criminal proceedings," even if the prosecutor filed charges "knowing he lack[ed] probable cause." *Becker,* 494 F.3d at 925 (citations

omitted) (applying absolute immunity in a retaliation lawsuit); *see also Buckley*, 509 U.S. at 274 n. 5 (noting that prosecutor would still be entitled to absolute immunity for the "malicious prosecution of someone whom he lacked probable cause to indict").

New Mexico courts evaluate the absolute immunity question in the same way. In the very recent decision of *Bolen v. N.M. Racing Comm'n,* 2025 WL 1553704, at ¶ 22 (N.M. June 2, 2025) (only Westlaw citation available), the New Mexico Supreme Court recognized that absolute immunities, rather than protecting individuals, protects the proper functioning of the office. Extending judicial immunity, an absolute immunity, to governmental entities, the court observed that such immunity is justified and defined by the functions it protects, not by the person to whom it attaches. *Id.* The New Mexico Supreme Court expressly extended judicial immunity to prosecutors, *id.* at ¶ 24, and to the governmental entities they serve. *Id.* at ¶ 25, in connection with claims brought under the NMCRA. *Id.*

> We, therefore, conclude that the doctrine of judicial immunity extends to claims for damages asserted against a governmental entity, including a public body sued under the CRA.

*Id.*

Based on well-established federal law, and the New Mexico Supreme Court's recent decision on the issue in *Bolen,* there can be no argument that absolute immunity does not apply to bar Plaintiffs' first cause of action. Therefore, the Court here should dismiss Count I against the Fifth Judicial District Attorney's Office. Because that is the only claim Plaintiffs assert against the District Attorney's Office, the Court should dismiss Plaintiffs' Complaint against the District Attorney's Office with prejudice.

6

## IV.    Discovery Should Be Stayed Pending Resolution of the Fifth Judicial District Attorney's Office's Rule 12(c) Motion

Defendant Fifth Judicial District Attorney's Office respectfully requests that discovery be stayed pending resolution of its Rule 12(c) Motion for Judgment on the Pleadings asserting absolute prosecutorial immunity. The Tenth Circuit recognizes that immunity defenses protect officials not merely from liability, but also from the burdens of litigation and discovery. *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Indeed, "[e]ven such pretrial matters as discovery are to be avoided if possible[.]" *Jiron,* 392 F.3d at 414. Although the foregoing authorities arise in the qualified immunity context, the same rationale applies to absolute prosecutorial immunity, which likewise constitutes immunity from suit rather than merely a defense to liability. See *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976) ("[A]n absolute immunity defeats a suit at the outset[.]"). Because Defendant's pending Rule 12(c) motion raises threshold immunity issues, a stay of discovery is appropriate pending the Court's resolution of the immunity issues raised therein.

WHEREFORE, Defendant Fifth Judicial District Attorney's Office respectfully requests the Court to grant its Motion, to dismiss Plaintiffs' Complaint against it with prejudice, stay discovery pending resolution of the immunity issues raised herein, and grant such further relief as the Court deems appropriate.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By: */s/ Julia Y. Parsons*
John S. Stiff, Sr., Esq.,
Julia Y. Parsons, Esq.
500 Marquette Ave. N.W., Suite 1400
Albuquerque, New Mexico 87102
Phone:  (505) 243-5755
E-mail:        jstiff@stifflaw.com
                  jparsons@stifflaw.com

7

*Attorneys for Defendant Fifth Judicial
District Attorney's Office*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of May 2026, the foregoing was electronically filed through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Benjamin Gubernick, Esq.
Curtis Waldo, Esq.
WGLA, LLP
717 Texas St., Suite 1200
Houston, TX 77002
(346) 277-0287
ben@wglawllp.com
curtis@wglawllp.com
Attorneys for Plaintiffs

Blaine T. Mynatt, Esq.
Haley R. Grant, Esq.
Mynatt Martinez Springer P.C.
P.O. Box 2699
Las Cruces, NM 88004
575-524-8812
Fax: 575-524-0726
Email: btm@mmslawpc.com
        hrg@mmslawpc.com
*Attorneys for City of Hobbs, Andrew Lane, and Alejandro Rivas*

Bryan C. Garcia
Alyxandria Romero
Garcia Law Group, LLC
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576
Fax: (505) 652-1337
bgarcia@garcialawgroupllc.com
aromero@garcialawgroupllc.com
*Attorneys for Defendant Valerie Chacon*

*/s/ Julia Y. Parsons*
John S. Stiff, Sr., Esq.
Julia Y. Parsons, Esq.

8

4897-1838-9934, v. 2