IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT,
TYRIN PACHECO,

      Plaintiffs,

v.                                                                    No. 2:25-cv-00110-DHU-GBW

THE CITY OF HOBBS,
MATHEW OLENICK,
ANDREW LANE,
ALEJANDRO RIVAS,
VALERIE CHACON, and THE
FIFTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE,

      Defendants.

**DEFENDANT VALERIE CHACON'S MOTION FOR SUMMARY
JUDGMENT ON THE BASIS OF PROSECUTORIAL AND QUALIFIED IMMUNITY**

Defendant Valerie Chacon ("Ms. Chacon"), by and through her attorney of record, Garcia Law Group, LLC (Bryan C. Garcia and Alyxandria C. Romero), hereby moves for summary judgment in her favor on the federal claims asserted against her in the above-entitled matter. Pursuant to D.N.M.LR-Civ. 7.1(a), Ms. Chacon solicited all parties' positions on this *Motion*. Plaintiffs oppose the relief requested herein. City Defendants do not oppose the relief requested herein. Defendants Fifth Judicial District Attorney's Office take no position the relief requested herein.

**INTRODUCTION**

On July 13, 2024, Plaintiff Alena Gerhardt ("Ms. Gerhardt") was charged with driving while under the influence of intoxicating liquor along with other traffic infractions. The same day,

Plaintiff Tyrin Pacheco ("Mr. Pacheco") was charged with resisting, evading, obstructing and tampering with evidence. [UMF 1, 2]. The City of Hobbs' Assistant City Attorney, Amber Leija, dismissed Plaintiffs' charges in Municipal Court on December 9, 2024. On December 31, 2024, Plaintiffs' criminal cases were filed in District Court by the Fifth Judicial District Attorney's Office ("DAO"). [UMF 3]. Ms. Gerhardt's First Appearance was noticed for January 7, 2025, and was filed by the Court on December 31, 2024. [UMF 5]. The district attorney, Dianna Luce ("Ms. Luce") appointed Ms. Chacon as Special Assistant District Attorney ("SADA") on January 3, 2025, and indicated to Ms. Chacon that Ms. Gerhardt had a hearing scheduled in her case for January 7, 2025. [UMF 6]. Ms. Chacon then entered her appearance in Ms. Gerhardt's criminal case on January 6, 2025. Although already appointed as SADA by Ms. Luce, Ms. Chacon filed her oath and appointment in Plaintiffs' District Court cases when she received it from the DAO. [UMF 6, 7]. Ms. Chacon never initiated Plaintiffs' criminal cases in District Court.

**UNDISPUTED MATERIAL FACTS ("UMFs")**

1.  Alena Gerhardt was arrested on July 13, 2024. *See* Gerhardt Arrest Report, attached hereto as Exhibit A.

2.  Tyrin Pacheco was arrested on July 13, 2024. *See* Pacheco Arrest Report, attached hereto as Exhibit B.

3.  Plaintiffs' criminal cases were originally filed in Municipal Court, and were refiled in District Court by Hobbs police officers and the DAO. *See* Emails between Hobbs City Attorney's Office and the Fifth Judicial District Attorney's Office, dated January 2, 2025, attached hereto as Exhibit C.

2

4. The DAO and Hobbs police officers refiled Plaintiffs' criminal cases in District Court. *See* Deposition of Valerie Chacon ("Chacon Depo") at 18:12-19:6, attached hereto as Exhibit D; *see also* Criminal Complaint filed in D-506-CR-2024-000862 ("Gerhardt District Court criminal case"), attached hereto as Exhibit E; *see also* Criminal Complaint filed in D-506-CR-2024-000863 ("Pacheco District Court criminal case"), attached hereto as Exhibit F.

5. Ms. Gerhardt's First Appearance in her District Court criminal case was noticed by the Court on December 31, 2024. The First Appearance was scheduled for January 7, 2025. *See* Notice of First Appearance, attached hereto as Exhibit G.

6. Ms. Luce appointed Ms. Chacon as SADA six days prior to notifying Ms. Chacon that an oath must be sworn and filed before appearance on the record. Emails between Hobbs City Attorney's Office and the Fifth Judicial District Attorney's Office, dated January 3, 2025, attached hereto as Exhibit H.

7. Ms. Chacon filed her oath and Appointment of SADA in both of Plaintiffs' District Court criminal cases when she received them from Ms. Luce on January 10, 2025. *See* Gerhardt Appointment of Special Assistant District Attorney, attached hereto as Exhibit I; *see also* Pacheco Appointment of Special Assistant District Attorney, attached hereto as Exhibit J; *see also* Emails between Hobbs City Attorney's Office and the Fifth Judicial District Attorney's Office, dated January 9, 2025, attached hereto as Exhibit H.

8. Ms. Chacon sent an email to the counsel that represented Plaintiffs in their Municipal Court proceedings, notifying them that Ms. Gerhardt had a hearing in her District Court case. Ms. Chacon sent this email because she noticed that no counsel had entered their appearance on behalf of Ms. Gerhardt or Mr. Pacheco. *See* Emails between Valerie Chacon and Ben Gubernick,

dated January 7, 2025, attached hereto as Exhibit K; *see also* Chacon Depo at 61:5-11, attached hereto as Exhibit L.

## SUMMARY JUDGMENT STANDARD

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016). This traditional standard applies to the assertion of prosecutorial immunity.

Where qualified immunity is concerned, however, "the plaintiff . . . bear[s] the ultimate burden of persuasion at trial" and at the summary judgment stage, the Court must "grant qualified immunity unless the plaintiff can show [with record evidence] (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Id.* This burden is a "heavy two-part burden." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). If the plaintiff successfully establishes that the defendant violated a clearly established right, the burden shifts back to the defendant, "who must prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id*. (internal citations omitted). "Although [the Court should] review the evidence in the light most favorable to the nonmoving party, the record *must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity*." *Id.* (emphasis added).

**ARGUMENT**

Plaintiffs bring a single cause of action against Ms. Chacon, alleging she violated their Sixth Amendment right to counsel when she pursued criminal charges against them, entered her appearance in their criminal cases, and alerted their former counsel of a hearing scheduled by the Court. [UMF 6-8]. Plaintiffs also claim that Ms. Chacon further violated their rights by prosecuting charges she "knew" to be unsupported by probable cause. However, because Ms. Chacon was acting as a prosecutor during the brief prosecution, she should be afforded prosecutorial immunity. Additionally, Plaintiffs cannot meet their burden to show Plaintiffs Sixth Amendment rights claimed to have been violated were "clearly established" at the time of the alleged violation.

## I.      MS. CHACON IS ENTITLED TO PROSECUTORIAL IMMUNITY.

"Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." *Chilcoat v. San Juan Cnty.,* 41 F.4th 1196, 1208 (10th Cir. 2022) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)) (internal quotations omitted). "It is well established that prosecutors are absolutely immune from suit under § 1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions" *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (ellipsis in original) (quoting *Imbler*, 424 U.S. at 430-31).  The United States follows a "functional approach" to absolute prosecutorial immunity, which entails the Court to "look to which role the prosecutor is performing" at the time of the alleged conduct, and examine "the nature of the function performed, not the identity of the actor who performed it." *Chilcoat,* 41 F.4th. at 1209. (internal quotations and citations omitted).  "We begin with an obvious benchmark:

a prosecutor is absolutely immune when functioning within the scope of his duties in initiating and pursuing a criminal prosecution." *Id.*

Here, the nature of any and all functions performed by Ms. Chacon during the alleged wrongdoing is specifically concerned with her role in judicial proceedings. Plaintiffs' Complaint focuses solely on Ms. Chacon's function within the scope of her authorized duties pursuing Plaintiffs' criminal prosecution. At the time of Ms. Chacon's alleged tortious conduct, she was acting as SADA. [UMF 6, 7]. Ms. Chacon had the authority to fulfill the role of SADA for both Ms. Gerhardt's and Mr. Pacheco's criminal cases on January 3, 2025. *Id.* Upon entering her appearance as SADA in Ms. Gerhardt's criminal case, Ms. Chacon was researching the docket and noticed that Ms. Gerhardt's original attorneys that represented her in her Municipal Court proceedings, had not yet entered their appearance in the district court proceedings. [UMF 8]. With Ms. Gerhardt's First Appearance approaching swiftly, Ms. Chacon made the decision to email Plaintiffs' original counsel, notifying them that their client's First Appearance hearing was quickly approaching, definitionally not preventing Plaintiffs' access to counsel. *Id.*

"While a prosecutor might lose absolute immunity when he acts with a complete and clear absence of authority, such a condition does not occur when a prosecutor has an arguable basis of authority grounded in a statute." *Snell v. Tunnell*, 920 F.2d 673, 694 (10th Cir. 1990). Ms. Chacon had clear authority to pursue prosecution of Plaintiffs' criminal cases. Just because Plaintiffs disagree about the probable cause to pursue Plaintiffs' criminal cases does not mean that Ms. Chacon should not be afforded prosecutorial immunity when she pursued Plaintiffs' criminal cases for the short amount of time the cases were active. "The more distant the function from the judicial process, the less likely immunity will attach." *Id.* at 687. Here, Ms. Chacon's function was the

6

judicial process in its entirety, any "distance" is not shown by evidence. During the time of Plaintiffs' allegations, Ms. Chacon never acted outside of her role as SADA, as every action made by Ms. Chacon was vital to judicial proceedings, and thus, she is entitled to prosecutorial immunity.

## II.    MS. CHACON IS ENTITLED TO QUALIFIED IMMUNITY.

It is Plaintiffs heavy burden to show that Ms. Chacon violated their constitutional rights, and that the right claimed to have been violated was "clearly established" at the time of the alleged violation. *See generally Gutteridge v. Oklahoma*, 878 F.3d 1233 (10th Cir. 2018). Plaintiffs cannot meet this burden, and thus, Ms. Chacon is entitled to qualified immunity.

### A.    Ms. Chacon did not violate Plaintiffs' constitutional rights when she pursued Plaintiffs' prosecution.

"The Sixth Amendment provides that 'in all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence.'" *United States v. Warrington*, 78 F.4th 1158, 1164 (10th Cir. 2023) (quoting U.S. Const. amend. VI).

> The Supreme Court has interpreted this provision as guaranteeing a defendant the right to have counsel present at all *critical stages* of the criminal proceedings. A *critical stage* is a proceeding between a defendant and an agent of the state— whether formal or informal, in court or out, —that amounts to a trial-like confrontation[], at which counsel can aid in coping with legal problems or [provide] assistance in meeting his adversary.

*Acosta v. Raemisch*, 877 F.3d 918, 931 (10th Cir. 2017) (quoting *United States v. Wade*, 388 U.S. 218, 226-28, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967); *United States v. Ash*, 413 U.S. 300, 312-13, 93 S. Ct. 2568, 37 L. Ed. 2d 619 (1973)) (internal citations omitted) (internal quotations omitted) (emphasis added).

Plaintiffs claim that Ms. Chacon "violated [their] right to counsel by filing criminal charges against them in district court and not notifying counsel of the same." *See* Plaintiff's Complaint [Doc. 1]. However, by claiming Ms. Chacon "filed" charges in district court, Plaintiffs contradict themselves and the evidence. C*ompare* Doc. 1, ¶ 153 with Doc. 1, ¶ 82, UMF 4. Plaintiffs' criminal docket reveals that Ms. Chacon never filed any charges against either Plaintiff, she only assisted in pursuing the already filed charges. Even if she had refiled these criminal charges and hadn't notified Plaintiffs' previous counsel, it is not a Sixth Amendment right to counsel violation in this case. Ms. Chacon did not impede on Plaintiffs' right to have competent counsel at any point during the district court proceedings, especially not in any "critical stage" of litigation. On the contrary, although it was not her duty to do so, once Ms. Chacon was made aware of Ms. Gerhardt's First Appearance hearing, Ms. Chacon alerted Plaintiffs' undersigned counsel as a courtesy, without knowing for sure if they continued representation in the "new" cases, since the undersigned counsel failed to enter their appearance or add themselves to the service list in Plaintiffs' district court proceedings.

Plaintiffs' right to counsel was never violated. Plaintiffs had their counsel present for the only hearing that occurred in either criminal case and Plaintiffs' counsel responded to the only motion pending in the criminal cases before dismissal. To the extent Plaintiffs are claiming Ms. Chacon violated their rights by pursuing charges already filed against them for no longer than four days, those claims must fail because Plaintiffs had their counsel in every "critical stage" of their criminal litigation, to the extent that a four-day prosecution even had a "critical stage."

Additionally, Plaintiffs' counsel should have signed up for electronic service regarding their district court criminal cases. New Mexico District Courts have enacted local rules

implementing the mandatory filing of documents via electronic transmission by parties represented by attorneys. *See* Rule 1-005.2(B)(1) NMRA; *see also* Rule 5-103.2 NMRA. New Mexico's Rules of Criminal Procedure are unambiguously clear that, "[a]ny document required to be served by Paragraph A of Rule 5-103 NMRA may be served on a party or attorney by electronic transmission of the document if the party or attorney has agreed to be served with pleadings or papers by electronic mail or if the attorney for the party to be served has registered with the court's [Electronic Filing System ("EFS")]." Rule 5-103.2(C) NMRA. "Parties represented by attorneys shall file documents by electronic transmission." Rule 5-103.2(B) NMRA. Ms. Chacon did not violate Plaintiffs' Sixth Amendment right to counsel because their counsel failed to sign up for the Court's EFS.

### B.    Plaintiffs cannot demonstrate that any law alleged to have been violated by Ms. Chacon was "clearly established."

When a government official is sued in their individual capacity, courts may not award damages against them unless the right that was alleged to have been violated was "clearly established" at the time of the challenged conduct. *Lane v. Franks*, 573 U.S. 228, 243 (2014). "Requiring the alleged violation of law to be clearly established balances the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Wood v. Moss*, 572 U.S. 744, 758 (2014) (citation and internal quotations omitted). "When properly applied, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011).

The salient question is whether the state of the law at the time of an incident provided "fair warning" to a defendant that his alleged behavior was unconstitutional. *Hope v. Pelzer*, 536 U.S.

9

730, 742 (2002). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Therefore, for a right to be "clearly established," it is essential that there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and Cnty. Of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). Although "clearly established" does not always "require a case [to be] directly on point," the law must provide fair warning to a defendant, and "existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes,* 584 U.S. 100, 104 (2018) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)).  "The relevant precedent must define the right with a **high degree of specificity**, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (internal quotations omitted) (internal citations omitted) (emphasis added).

As for the present case, Plaintiffs cannot satisfy their heavy burden of demonstrating any law alleged to have been violated by Ms. Chacon, and because of this, Ms. Chacon is entitled to summary judgment. Ms. Chacon consistently performed her duties as a government official in a reasonable manner. The undersigned has been unable to find any United States Supreme Court or Tenth Circuit precedent holding that Plaintiffs' factual allegations pled here constitute a violation against Plaintiffs' Sixth Amendment rights. Likewise, this office cannot find United States Supreme Court or Tenth Circuit precedent which provide that it is a violation of an individual's Sixth Amendment right to counsel when a prosecutor becomes aware of a hearing and alerts the individual's former counsel of that hearing, even though former counsel had not been entered to appear for their former client. Plaintiffs make no factual assertions regarding Ms. Chacon

10

preventing them from accessing legal counsel whatsoever. Thus, Plaintiffs cannot show any existing precedent that would put Ms. Chacon on notice that her conduct amounted to a Sixth Amendment violation. Therefore, summary judgment is appropriate.

## **CONCLUSION**

Ms. Chacon is entitled to both prosecutorial and qualified immunity, and Plaintiffs' claims against her fail as a matter of law. Ms. Chacon was immune in her acts as a special prosecutor when she pursued Plaintiffs' criminal proceedings. Additionally, Plaintiffs cannot satisfy their heavy burden to show Ms. Chacon's actions violated any "clearly established" constitutional or statutory right. Plaintiffs' claim against Ms. Chacon are therefore precluded as a matter of law and summary judgment is appropriate.

Wherefore, Defendant Valerie Chacon respectfully requests the Court enter an Order finding she is entitled to absolute prosecutorial immunity when she pursued civil enforcement proceedings against Plaintiffs, she is qualifiedly immune from suit, entering summary judgment on the any claims asserted against her in her individual capacity, grant summary judgment in her favor, and awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Alyxandria C. Romero*
Bryan C. Garcia
Alyxandria C. Romero
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
aromero@garcialawgroupllc.com
*Attorneys for Defendant Valerie Chacon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was submitted through the CM/ECF system for e-filing and electronic delivery on **May 22, 2026,** to all of the individuals registered for service reflected in the Notice of Electronic Filing.

*/s/ Alyxandria C. Romero*
Alyxandria C. Romero