**EXHIBIT E**

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT

5th DISTRICT COURT LEA CO.
FILED DEC 31 '24 PM1:15

STATE OF NEW MEXICO,

        Plaintiff,

   vs.

ALENA GERHARDT,

        Defendant.

No. D-506-cr-2024-00862

Judge: Lee A. Kirksey

CRIMES: Aggravated Driving While Under the Influence of Intoxicating Liquor or Drugs (Refused Testing),  Failure to Control Speed or Use Due Care,  Failure to Maintain Traffic Lane,  Failure to Stop at Stop Sign,  Expired Registration of a Motor Vehicle,

## DIRECT FIELD CRIMINAL INFORMATION

        The District Attorney of Lea County, State of New Mexico, states that on or about the dates listed below, the above-named Defendant did commit the crimes of:

Count 1:  **Aggravated Driving While Under the Influence of Intoxicating Liquor or Drugs (Refused Testing)**, (1214), on or about July 13, 2024, the above-named defendant operated a motor vehicle under the influence of intoxicating liquor or drugs and the defendant refused to submit to chemical testing, a Motor Vehicle Code misdemeanor, contrary to NMSA 1978, Section 66-8-102(D)(3) (2016).

Count 2:  **Failure to Control Speed or Use Due Care**, (5916), on or about July 13, 2024, the above-named defendant did drive a motor vehicle on a highway and failed to control speed to avoid colliding with a person vehicle or other conveyance on or entering the highway, a Motor Vehicle Code misdemeanor, contrary to Section 66-7-301(B), NMSA 1978.

Count 3:  **Failure to Maintain Traffic Lane**, (7422), on or about July 13, 2024, the above-named defendant, while driving a vehicle on a roadway that had been divided into two or more clearly marked lanes for traffic, failed to drive as nearly as practicable entirely within a single lane] OR failed to obey official signs directing traffic to use a designated lane, a penalty assessment misdemeanor, contrary to NMSA 1978, Section 66-7-317 (1978).

State v. Alena Gerhardt                                                              Page 2
Criminal Information

Count 4:  **Failure to Stop at Stop Sign**, (7502), on or about July 13, 2024, the above-named defendant drove a vehicle approaching a stop intersection indicated by a stop sign and failed to stop as required, or after having stopped, failed to yield the right-of-way to a vehicle which had entered the intersection from another highway or which was approaching so closely on the highway as to constitute an immediate hazard during the time when the defendant was moving across or within the intersection, a penalty assessment misdemeanor, contrary to NMSA 1978, Section 66-7-330(B) (1978).

Count 5:  **Expired Registration of a Motor Vehicle**, (5639), on or about July 13, 2024, the above-named defendant did unlawfully operate or transport or cause to be transported upon any highways in this state a vehicle, subject to registration under the provisions of the Motor Vehicle Code without having paid the registration fee or without having secured and constantly displayed the registration plate required by the Motor Vehicle Code, a Motor Vehicle Code misdemeanor, contrary to Section 66-3-19, NMSA 1978.

        The State will call the following witnesses:  Matthew Olenik.

Dianna Luce
District Attorney
400 N. Virginia Ave., Ste G-2
Roswell, NM  88201
575-622-4121


Name:            Alena Gerhardt
Address:         ██████████████████
DOB:             ███████
SSN:
Height:          5'01
Weight:          98
State Tracking No.:   Not Available

cs  HD-24-0034

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT
LEA COUNTY

v.                                                                    No. _____

GERHARDT, ALENA R. (H/F)                                           24H31545
DOB: ██████████████
NM DL ████████████
Ht: 5'01", Wt: 95 lbs; Brown/ Brown
████████████████████████ Defendant.

## CRIMINAL COMPLAINT
### (Refiled - Amended)

CRIME:   Driving While Under the Influence of Intoxicating Liquor, Aggravated 1st Offense (Refusal)(M), Basic Speed Rule (PM), Driving on Roadways Laned for Traffic (PM), Vehicles Entering Stop or Yield Intersection (PM), Display of Current Valid Registration (PM)

(*common name of offense or offenses*)

The undersigned, under penalty of perjury, complains and says that:

(Count 1) on or about or between July 13th, 2024 (dates) in Lea County, State of New Mexico, the above-named defendant did commit the offense of _Driving While Under the Influence of Intoxicating Liquor, (Aggravated) _ contrary to Section NMSA 66-8102(A)(D)3_ ,

(Count 2) on or about or between July 13th, 2024 (dates) in Lea County, State of New Mexico, the above-named defendant did commit the offense of _Basic Speed Rule _ contrary to Section NMSA 66-7-301(B)1_ ,

(Count 3) on or about or between July 13th, 2024 (dates) in Lea County, State of New Mexico, the above-named defendant did commit the offense of _Driving on Roadway Laned for Traffic _ contrary to Section NMSA 66-7-317_ ,

(Count 4) on or about or between July 13th, 2024 (dates) in Lea County, State of New Mexico, the above-named defendant did commit the offense of _Vehicles Entering Stop or Yield Intersection _ contrary to Section NMSA 66-7-330_ ,

(Count 5) on or about or between July 13th, 2024 (dates) in Lea County, State of New Mexico, the above-named defendant did commit the offense of _Display of Current Valid Registration _ contrary to Section NMSA 66-3-18(C)_ ,

As more particularly described in Attachment "A" hereto, which is incorporated as a part hereof.
REFER TO ATTACHMENT "A"

**I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.**

Matthew Olenik, D7
Complainant
Detective, Hobbs Police Department
Hobbs Police Department
Title (*if any*)
Approved:

Title

**If Probable Cause Determination Required:**

[ ]    Probable Cause Found
[ ]    Probable Cause Not Found, and Defendant Released from Custody
[ ]    Complaint Dismissed Without Prejudice


Judge: _____

Date: _____

Time: _____

[As amended, effective September 1, 1990; April 1, 1991; November 1, 1991; as amended by Supreme Court Order No.13-8300-020, effective for all cases pending or filed on or after December 31, 2013.]

## CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT          Page 1                    ATTACHMENT "A"
STATE OF NEW MEXICO
vs                                          No.
GERHARDT, ALENA R. (H/F)                                         24H31545

████████████████████████████

~~Ht. 5'01", Wt. 95 lbs; Brown/ Brown~~

████████████████████████████    ___, Defendant(s)

This case was originally filed in the Municipal Court of Hobbs and was dismissed without prejudice:

1. Date of initial filing – 7/13/2024
2. Date of dismissal – 12/9/2024
3. Deadline for trial – 1/16/2025
4. Reason for dismissal – Judicial Efficiency

On Saturday, July 13, 2024 at approximately 1927 hours, I Officer M. Olenik responded to the 1300 block of W. Kiowa in reference to a report of a vehicle accident with injuries.

Prior to my arrival, I was advised by Lea County Communications Authority via my in-car radio that a caller was reporting that there was a collision between a white car and a black truck. As dispatchers continued to obtain information, they advised the caller was reporting that one of the vehicles had crashed into her residence and there was one subject possibly trapped in a vehicle.

I activated my emergency lights and sirens and responded to the scene. Once I arrived on scene, I observed a white in color 2001 Oldsmobile Alero bearing NM "BLTX38", on the sidewalk in front of 1300 W. Kiowa. I observed the vehicle had collided with a brick mailbox, completely destroying the mailbox and continued until it struck a black in color 2019 Nissan pickup bearing TX "TFC6070", where the vehicle came to rest.

Once parked, I exited my marked patrol unit and approached the white in color Oldsmobile. As I approached I observed a Hispanic female, seated in the passenger seat, holding her head and crying. The female, later identified as Alena Gerhardt advised she had been driving the vehicle. When I asked what had occurred, Alena stated she could not advise what happened just prior to crashing. I observed slight slurring from Alena as she spoke. I asked if she had consumed any

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF.  I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7 _____         _____
        COMPLAINANT                                      APPROVED

Detective, Hobbs Police Department                _HPD  CID  Sgt_____
        TITLE (if any)                                      TITLE

## CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT          Page 2          ATTACHMENT "A"
STATE OF NEW MEXICO
        vs                                      No.
████████ ALENA R. (H/F)                                24H31545
████████████████████████████

Ht: 5'01"  Wt: 95 lbs  Brown/ Brown
████████████████████████████████ , Defendant(s)

alcohol or drugs and Alena stated no.

As additional officers arrived on scene, along with medics I observed tire marks and debris on the sidewalk just west of the intersection of W. Kiowa and N. Central, indicating the vehicle had left the roadway onto the sidewalk. Due to the damage to the brick mailbox, I believe the vehicle was traveling at a high rate of speed at the time of collision.

I observed the airbags deployed in the vehicle along with significant damage to the front and driver side of the vehicle.

Alena was checked by medics and declined to be transported from the scene. As I continued to investigate the collision, I observed there were no tire skid marks on the east side of the intersection. I was contacted by Sergeant J. Maxwell who was on scene and indicated when she contacted Alena she could smell the odor of intoxicating liquor emanating from her person as she spoke.

I returned and again tried to determine from Alena what had occurred. Alena stated she had been angry when she left her home as she was leaving for work. I asked Alena how fast she was going and she stated she was not sure. Alena stated she tried to "turn" as she entered the intersection of N. Central from W. Kiowa.

Based on the location of her vehicle, the lack of brake marks prior to the intersection, and tire marks I did observe on the roadway, her statements were not consistent with my observations. While speaking with Alena, I observed her to have bloodshot watery eyes, and could smell a sweet odor coming from her person.

As I continued my investigation, I noted Alena to be walking around, she did not appear to have any

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7
COMPLAINANT                                            APPROVED

Detective, Hobbs Police Department
TITLE (if any)                                         TITLE

CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT        Page 3              ATTACHMENT "A"
STATE OF NEW MEXICO
           vs                                No.
GERHARDT, ALENA R. (H/F)                            24H31545

Ht: 5'01", Wt: 95 lbs; Brown/Brown
_____ ___, Defendant(s)

visible injuries that would indicate a head injury from the collision. I observed her to converse normally and was able to answer questions without confusion.

I then requested Alena move to the front of my marked patrol unit. I explained to Alena although she indicated she had not consumed any alcohol or drugs, I observed indicators of impairment. Based on my observations of the vehicle after the collision, information provided to me, and observations during my investigation of the collision, I requested Alena submit to Standard Field Sobriety Testing.

Alena asked me why, and I explained that due to her statements and my observations, I wanted to ensure she was not under the influence at the time of the collision. Alena consented to submit to testing.

*Horizontal Gaze Nystagmus Test*:

**Instructional Phase** - Alena was instructed to stand in front of me with her feet together and hands to her side. I then instructed Alena I would be using my index finger as the stimulus for the test. Alena was then instructed to follow the tip of my finger with her eyes only and not move her head. Alena confirmed she understood the instructions. I asked Alena, other than the collision, if she had any medical conditions or head injuries that affected her eye site. Alena stated no.

**Observation Phase** – I observed Alena to have equal pupil size and equal tracking. I observed Alena to have the presence of lack of smooth pursuit. I observed Alena to have nystagmus at Maximum Deviation and onset of nystagmus prior to 45 Degrees. These all were observed in both eyes. The indicators are consistent with some level of intoxication.

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF.  I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7 _____        _____
      COMPLAINANT                                   APPROVED

Detective, Hobbs Police Department           _____
      TITLE (if any)                                  TITLE

## CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT          Page 4          ATTACHMENT "A"
STATE OF NEW MEXICO
    vs                                                      No.
GERHARDT. ALENA R. (H/F)                                 24H31545

███████████████████████

Ht: 5'01", Wt: 95 lbs; Brown/ Brown
███████████████████████          ____, Defendant(s)

During the performance of the test, Alena looked away from the stimulus and asked "how long is this fucking test" while rubbing her eye, leaving the instructional position. I asked Alena if she wanted me to contact medics again and she stated no.

Alena had no vertical nystagmus.

### Walk and Turn Test:

Instructional Phase – I instructed Alena to take a position on the level roadway in front of my unit. Alena complied with my instruction. I instructed Alena to place her right foot in front of her left foot, heel to toe, with her hands down by her sides. Alena acknowledged by positioning herself in the start position. I instructed Alena to remain in this position until I told her otherwise. I provided Alena with the instructions on the performance of the walk and turn test. I provided a demonstration of the test by myself, and once I completed the demonstration I confirmed with Alena that she understood the instructions. After my demonstration, Alena stepped out of the instructional position. Alena stated, "Yes, my head hurts, just hurry up".

Walking Phase - During the walking phase, Alena started on the wrong foot, proceeded walking, failing to step off line on step 5 during the first portion of the test, ending the first portion on the wrong foot. Once she reached her ninth step, Alena conducted an improper turn and stopped facing the opposite way. Alena stood there and I asked if she was finished. She asked if she needed to go back and I stated yes. She then took nine steps back, breaking heel to toe on step six of the return portion of testing.

### One Leg Stand:

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

| | |
|---|---|
| M. Olenik, D7 | |
| COMPLAINANT | APPROVED |
| Detective, Hobbs Police Department | |
| TITLE (if any) | TITLE |

CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT          Page 5                    ATTACHMENT "A"
STATE OF NEW MEXICO
          vs                                          No.
GERHARDT, ALENA R. (H/F)                                        24H31545

Ht: 5'01"  Wt: 95 lbs: Brown/ Brown

                                        __, Defendant(s)

**Instructional Phase:**
Alena was placed in the instructional position with feet together and hands at her side. I then provided Alena with the instructions for the performance of the test. I then provided Alena with a demonstration of the test. During the demonstration, Alena became argumentative and stated "can you do it, how long can you do it?" To which I again demonstrated the test. Alena then attempted to start the test prior to being instructed, and I instructed her to wait.

While I was setting my watch for the timer, Alena removed her phone from her pocket and began using her phone. Officer A. Lane instructed her to put her phone away, as did I. Alena then became belligerent and argumentative with Officer A. Lane, telling him to "shut up, and don't talk to me", she also began demanding Officer A. Lane "You can go over there." Alena then demanded a sergeant, and I indicated I had two patrol sergeants on scene. She again began demanding that Officer A. Lane walk away.

Officer A. Lane then was replaced as the secondary officer during the remainder of testing.

**Balancing Phase:**
Once Alena began the test, Alena lost count, repeating the numbers six, skipping twenty and twenty-one. Alena stopped counting and put her foot down prior to my instruction.

At the completion of testing, while discussing my observations with Sgt. D. Torres, I identified my observations of Alena's impairment were not consistent with the correlating driving errors. I also expressed she showed an indifference to properly attempting to perform the testing.

While speaking with Sgt. D. Torres, Officer A. Lane expressed that he observed Distinct and sustained Nystagmus at Maximum Deviation and Onset of Nystagmus prior to 45 Degrees present.

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7 _____          _____
        COMPLAINANT                                   APPROVED

Detective, Hobbs Police Department
        TITLE (if any)                                HPD CID Sgt
                                                        TITLE

## CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT          Page 6          ATTACHMENT "A"
STATE OF NEW MEXICO
          vs                                        No.
GERHARDT, ALENA R. (H/F)                             24H31545

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮         ____, Defendant(s)

Officer Lane was present for the first portion of testing until the one leg stand. Alena had initiated a verbal altercation with Officer Lane when she took out her phone and Officer Lane attempted to address this issue with her. Due to this, Officer Lane had been replaced as the secondary officer by NMSP Officer L. Mendez.

Based on my observations of Alena, both before and after Sgt. Maxwell noted her observations, the observations of Officer Lane and I during SFSTs, the information provided to me by Sgt. J. Maxwell and the investigation of the crash; I made the decision to place Alena under arrest for Driving While under the Influence of Intoxicating Liquor and or Drugs.

I explained to Alena my observations, and again asked her if she had consumed any alcohol or drugs. Alena denied consuming drugs or alcohol and stated she was "disoriented from the crash" however, my observations of Alena's demeanor and behavior was contrary to this. I explained what I observed in her eyes during testing would not have been caused by the airbag and she stated, "Do what you have to do".

I then placed Alena in handcuffs, which were checked for tightness and double locked. I advised Alena she was being placed under arrest for Driving under the Influence of Intoxicating Liquor and or Drugs.

As I escorted Alena to the back of my marked patrol unit, she became increasingly belligerent. She stated she was going to give her boyfriend her phone and when I asked, which male was her boyfriend, she stated "don't worry about it".

Once Alena was placed in the back of the marked patrol unit, she stated "buckle me up bitch", and

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF.  I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7 _____          _____ APPROVED
          COMPLAINANT

Detective, Hobbs Police Department          HPD CID SV
          TITLE (if any)                              TITLE

## CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT          Page 7                    ATTACHMENT "A"
STATE OF NEW MEXICO
vs                                                No.
GERHARDT ALENA R (H/F)                                          24H31545

Ht: 5'01", Wt: 95 lbs; Brown/ Brown

_____, Defendant(s)

began leaning out of the patrol unit, cursing at additional officers on scene who were dealing with her boyfriend who was non-compliant to directions.

Once I moved Alena back in the seat, she stated "get off me bitch".

As I attempted to buckle her in the seatbelt, Alena stated "Y'all ain't taking shit from me bitch." When I asked what she meant, Alena stated we weren't taking her "fucking" blood. I explained I needed to read Implied Consent to her, and she stated she didn't give a "fuck", "I know what it is bitch," Alena repeated this second statement while becoming increasingly louder and told me to "Get out my face bitch". I attempted to read her the New Mexico Implied Consent Act from my department issued card and she began screaming in an attempt to interfere with my ability to read the Implied Consent.

I stopped reading the New Mexico Implied Consent and shut the door. As I continued to collect information regarding the collision, Alena's father attempted to speak with her to gain her compliance while accompanied by Sergeant J. Maxwell.

I returned and again tried to read her the New Mexico Implied Consent. During the entirety of this process, Alena continued to yell at me, and after each line, she stated "No". Once I completed the first portion I asked if she understood and Alena stated "Yes", indicating she understood. Alena then refused to submit to testing.

After reading the second portion of the New Mexico Implied Consent, Alena again stated "No", refusing submit to testing.

Alena was then transported to the Hobbs City Jail. During the entirety of the ride to the Hobbs City Jail, Alena continued to be belligerent, stating she had slipped her cuffs several times and cursing at

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF.  I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7
_____          _____
COMPLAINANT                              APPROVED

Detective, Hobbs Police Department
_____          _____
TITLE (if any)                            TITLE

CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT        Page 8                ATTACHMENT "A"
STATE OF NEW MEXICO
                vs                                No.
GERHARDT, ALENA R (H/F)                           24H31545

Ht: 5'01", Wt: 95 lbs; Brown/ Brown
                                    _, Defendant(s)

this officer.

Based on my investigation I determined the following:

1. Alena operated a motor vehicle at the time of the collision.
2. Alena displayed indicators of intoxication including bloodshot watery eyes, slightly slurred speech and the odor of intoxicating liquor emanating from her person. After her poor performance on the Standard Field Sobriety Tests, Alena refused to submit to chemical testing.
3. While operating the motor vehicle, Alena drove at a speed which did not exercise due care prior to the collision based on my observations of the crash scene, and her statements.
4. Alena failed to maintain her vehicle on the roadway, leaving the north side of the roadway, onto the sidewalk as she traveled westbound, resulting in her vehicle colliding with a brick mailbox and a parked vehicle at a high rate of speed.
5. While traveling westbound into the intersection with N. Central, Alena failed to stop, as indicated by a lack of tire marks consistent with braking, and continued westbound before leaving the roadway.
6. A check of New Mexico Motor Vehicle Department records, revealed at the time of the collision, Alena's vehicle registration had expired as of 4/2024.

The incident did occur in the City of Hobbs, Lea County, New Mexico.

Based the above stated facts, I, the affiant believes probable cause does exist that the defendant's, Alena Gerhardt, actions are contrary to NMSA 66-8-102(A)(D)3, Driving While under the Influence of Intoxicating Liquor – 1st Offense, Aggravated (Refusal), which is a misdemeanor.

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF.  I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7
COMPLAINANT                                              APPROVED

Detective, Hobbs Police Department
TITLE (if any)                                           TITLE

## CRIMINAL COMPLAINT

STATE OF NEW MEXICO
FIFTH JUDICIAL DISTRICT COURT      **Page 9**         **ATTACHMENT "A"**
STATE OF NEW MEXICO
    vs                                 **No.**
GERHARDT, ALENA R. (H/F)                       24H31545

Ht: 5'01". Wt: 95 lbs; Brown/ Brown

\_\_\_, **Defendant(s)**

Based the above stated facts, I, the affiant believes probable cause does exist that the defendant's, Alena Gerhardt, actions are contrary to NMSA 66-7-301(B)1, Basic Speed Rule (Due Care), which is a petty misdemeanor.

Based the above stated facts, I, the affiant believes probable cause does exist that the defendant's, Alena Gerhardt, actions are contrary to NMSA 66-7-317, Driving on roadways laned for traffic, which is a petty misdemeanor.

Based the above stated facts, I, the affiant believes probable cause does exist that the defendant's, Alena Gerhardt, actions are contrary to NMSA 66-7-330, Vehicle Entering Stop of Yield Intersection, which is a petty misdemeanor.

Based the above stated facts, I, the affiant believes probable cause does exist that the defendant's, Alena Gerhardt, actions are contrary to NMSA 66-3-18(C), Display of Current Valid Registration which is a petty misdemeanor.

I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

M. Olenik, D7
    COMPLAINANT                                       APPROVED

Detective, Hobbs Police Department
    TITLE (if any)                                        TITLE