**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALENA GERHARDT,
TYRIN PACHECO,

      **Plaintiffs,**

v.                                                                    No. 2:25-cv-00110-DHU-GBW

THE CITY OF HOBBS,
MATHEW OLENICK,
ANDREW LANE,
DAVID TORRES, VALERIE
CHACON, and THE
FIFTH JUDICIAL
DISTRICT ATTORNEY'S
OFFICE,

      **Defendants.**

**DEFENDANT VALERIE CHACON'S
REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT
ON THE BASIS OF PROSECUTORIAL AND QUALIFIED IMMUNITY**

Defendant Valerie Chacon ("Ms. Chacon"), by and through her attorney of record, Garcia

Law Group, LLC (Bryan C. Garcia and Alyxandria C. Romero), hereby offers this *Reply in Support*

*of Her Motion for Summary Judgment on the Basis of Prosecutorial and Qualified Immunity*.

**PLAINTIFF'S ADDITIONAL MATERIAL FACTS**

Nothing in the Federal Rules of Civil Procedure permits a party opposing summary

judgment to submit its own, competing undisputed material facts. This is yet another attempt to

deflect from their inability to show that it meets the burden of the prosecutorial and qualified

immunity standard. For that reason alone, Plaintiffs' Additional Undisputed Facts ("PUMFs") 1-

10 should be disregarded by the Court and not considered. Assuming in arguendo that the Court

chooses to consider the additional PUMFs, Ms. Chacon offers the following responses to show no genuine issue of material fact has been raised:

1.    Admitted.

2.    Admitted to the extent that counsel for Plaintiffs emailed Ms. Chacon "to see if the city would be interested in discussing pre-suit resolution to my clients' civil claims." It is unclear if Ms. Chacon received this email, as she never responded. *See* Plaintiffs' Response Gubernick Decl. Ex. 5 at 118:8-199:17, Doc 71-1, p. 17.

3.    Disputed. Ms. Chacon testified that she could not recall which cases she would consult with the City Commissioners on prosecutorial decisions, she never testified that she "allowed her prosecutorial decisions to be influenced by the City's financial interests." *See* Plaintiffs' Response Gubernick Decl. Ex. 1 at 118:8-199:17, Doc 71-1, p. 6.

4.    Admitted.

5.    Disputed. Ms. Chacon did not know that Plaintiffs were represented by counsel in the criminal District Court cases because counsel had not entered their appearance. Ms. Chacon only knew that Plaintiffs were represented by counsel in their criminal Municipal Court proceedings.

6.    Disputed. Ms. Chacon filed her oath and Appointment of Special Assistant District Attorney ("SADA") document in both of Plaintiffs' District Court criminal cases when she received them from Ms. Luce on January 10, 2025; however, District Attorney Luce appointed Ms. Chacon as SADA six days prior to notifying Ms. Chacon that an oath must be sworn and filed before appearance on the record. *See* Defendant Chacon's Motion for Summary Judgment Exhibits I, J, H, Docs. 67-9, 67-10, 67-8.

7.     Admitted.

8.     Disputed. Ms. Chacon did not adjudicate Plaintiffs' criminal Municipal Court proceedings. *See Deposition of Valerie Chacon* at 32:11-33-21, attached hereto as Exhibit M.

9.     Admitted.

10.    Disputed. The Motion does not certify that it was served on Gerhardt or her counsel because Court records indicated that Plaintiffs did not have counsel for the criminal District Court cases. Additionally, the Certificate of Service indicated that it was e-filed through the odyssey file and serve system and was not signed by Ms. Chacon. *See* Plaintiffs' Response Gubernick Decl. Ex. 3, 6, Doc 71-1, pp. 10-11, 19.

11.    Disputed. The Certificate of Service indicated that it was e-filed through the odyssey file and serve system and was not signed by Ms. Chacon. *See* Plaintiffs' Response Gubernick Decl. Ex. 6, Doc 71-1, p. 19.

12.    Disputed. The Fifth Judicial District Attorney's Office filed and dismissed criminal claims against Plaintiffs in District Court. *See* Fifth Judicial District Attorney's Office's Motion for Judgment on the Pleadings and Supporting Memorandum, Doc. 64, p. 2.

## ARGUMENT

Plaintiffs are deflecting from the true nature of this *Motion*. The facts are clear: Ms. Chacon is entitled to prosecutorial and qualified immunity and Plaintiffs cannot deny that any and all functions performed by Ms. Chacon during the alleged wrongdoing is specifically concerned with her role in judicial proceedings nor can they demonstrate their heavy burden that Ms. Chacon violated any "clearly established" right at the time of the alleged violation, and therefore, Plaintiffs' claims must fail.

## I.    PROSECUTORIAL IMMUNITY

Ms. Chacon should be afforded absolute prosecutorial immunity. "[G]overnment actors enjoy absolute prosecutorial immunity for functions intimately associated with the civil proceedings those actors initiated." *Rodgers v. Torrez*, No. 24-2046, 2025 U.S. App. LEXIS 16978, at *8 (10th Cir. July 10, 2025) (citing *Scott v. Hern*, 216 F.3d 897, 909-10 (10th Cir. 2000) (holding county attorney absolutely immune from a § 1983 claim arising out of the attorney filing a petition in a civil commitment proceeding)). That is exactly the case here. Plaintiffs attempt to paint a picture that Ms. Chacon had a secretive scheme to appear, unauthorized, as SADA to prosecute their cases. However, evidence is clear that the Fifth Judicial District Attorney's Office indicated to Ms. Chacon that she was acting as SADA on January 3, 2025. *See* Chacon Depo, Ex. M at 153:21-154:22; *see also* Chacon's Motion, Exs. H, I, J, Docs. 67-8, 67-9, 67-10. When Ms. Chacon was told that she needed to file an oath, she took immediate action and was at the mercy of the Court to execute the oath. *See* Chacon Depo, Ex. M at 105:16-108:11. There was no absence of authority here, Ms. Chacon had the basis of authority, grounded in statute, to act as SADA during the prosecution of Plaintiffs' cases the entire time, and therefore she does not lose her absolute prosecutorial immunity during her judicial role during plaintiffs' allegations. *See Snell v. Tunnell*, 920 F.2d 673, 694 (10th Cir. 1990).

## II.    QUALIFIED IMMUNITY

"The Tenth Circuit reviews summary judgment decisions involving a qualified immunity defense somewhat differently than other summary judgment rulings." *Taylor v. Grisham*, No. CV 20-0267 JB/JHR, 2020 U.S. Dist. LEXIS243610, at *2-4 (D.N.M. Dec. 29, 2020) (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1309 (10th Cir. 1998)). Once a defendant raises qualified immunity

4

within a summary judgement motion, as Ms. Chacon has done so here, the burden of proof shifts to the plaintiff, and the plaintiff must supply facts sufficient to show both that defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred. *Id*. (citing *Bruning v. Pixler*, 949 F.2d 352, 356-7 (10th Cir. 1991)). The defendant is entitled to qualified immunity if the plaintiff fails to show either part of the two-part burden. *Id*. Here, Plaintiffs have failed to show either part of the two-part burden, and thus, Ms. Chacon is entitled to qualified immunity.

Plaintiffs have not demonstrated that any law alleged to have been violated by Ms. Chacon was "clearly established." A right is clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018) (quoting *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1197-98 (10th Cir. 2010)). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)) (emphasis in original). "We therefore must determine whether a right is clearly established in light of the specific context of the case, not as a broad general proposition." *Id*. (internal quotations omitted). "Thus, a right is clearly established when a precedent involves '*materially similar conduct'* or applies 'with *obvious clarity'* to the conduct at issue." *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (emphasis in original).

Plaintiffs did not provide any precedent involving materially similar conduct, nor did they provide any precedent that could apply, with obvious clarity, to the conduct at issue here. Plaintiffs cited two cases that "establish[] that, if a lawyer wants to prosecute someone, a colorable claim to

5

actual authority is required." *See Plaintiffs' Response,* Doc. 71, p. 20. Plaintiff does not argue that facts from the cited cases are materially similar to the facts in the present case, but Ms. Chacon will assume the cases were cited to show her alleged violations were rooted in the law and were "clearly established." Even according to Plaintiffs' own argument, it is obvious they could not find precedent that defines their right, with a high degree of specificity, so that every reasonable official, Ms. Chacon in this matter, would interpret it to establish the particular rule Plaintiffs seek to apply. *See Zorn v. Linton*, 146 S. Ct. 926, 930 (2026).

Additionally, Plaintiffs have not shown that Ms. Chacon violated Plaintiffs' Constitutional rights. Plaintiffs are attempting to cast a duty on Ms. Chacon that simply did not belong to her in this situation. Plaintiffs acknowledge that "[n]otice was sent by the *court* to the Fifth Judicial District Attorneys Office and the Public Defender's Office. On information and belief, it was not sent to Gerhard or her counsel." *See Plaintiffs' First Amended Complaint ("FAC"),* Doc. 76, ¶ 86 (emphasis added). Plaintiffs clearly recognize that the Court in Plaintiffs' criminal cases mistakenly sent the Notice to the wrong parties, not Ms. Chacon. Ms. Chacon never violated Plaintiffs' Sixth Amendment right to counsel during her prosecution of their cases.

## III.    THERE IS NO DUE PROCESS CLAIM AGAINST MS. CHACON

To meet the federal plausibility standard, "the complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (internal citation omitted); *see also Twombly*, 550 U.S. at 570 (describing that a complaint "must be dismissed" if it has not "nudged the[] claims across the line from conceivable to plausible"). In *Iqbal*, the Court applied the *Twombly* plausibility standard and described that it was "not akin

to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).

The only plausible claim against Ms. Chacon is in paragraphs 153 and 154 of Plaintiffs' FAC, under "COUNT III: 42 U.S.C. § 1983, VIOLATION OF *FOURTH* AND *SIXTH* AMENDMENTS OF UNITED STATES CONSTITUTION." *See* FAC, Doc. 76, pp. 18-19 (emphasis added). Plaintiffs now assert that there was a claim of "due process" against Ms. Chacon because it is at the end of a sentence on paragraph 157 of Plaintiffs' FAC, under a caption for violations against the fourth and sixth amendments. *Id.* This is incorrect. First, Plaintiffs did not even bring a due process claim under the Due Process Clause of the United States Constitution. The Fourteenth Amendment's Due Process Clause provides that "[n]o state . . . shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Beyond that, Plaintiffs fail to assert that their alleged "due process claim" against Ms. Chacon is substantive or procedural.

> The Fourteenth Amendment embodies three different protections: (1) a procedural due process protection requiring the state to provide individuals with some type of process before depriving them of their life, liberty, or property; (2) a substantive due process protection, which protects individuals from arbitrary acts that deprive them of life, liberty, or property; and (3) an incorporation of specific protections afforded by the Bill of Rights against the states.

*Bautista v. City of Ruidoso Downs*, No. 25-775 GBW/KRS, 2026 U.S. Dist. LEXIS 64383, at *11 (D.N.M. Mar. 26, 2026) (quoting *Miller v. Campbell Cty.*, 945 F.2d 348, 352 (10th Cir. 1991)). However, because Plaintiffs did not *plausibly* state this claim against Ms. Chacon in their

FAC, the Court should deny reject Plaintiffs' argument that it exists, and grant summary judgment on all claims against Ms. Chacon.

Ms. Chacon acknowledges that this argument is newly added to this *Motion* briefing packet, as she was not on notice that there were any "due process" claims against her because Plaintiff did not plausibly allege any claims of that sort, she invites Plaintiffs to a Surreply if Plaintiffs need it.

## CONCLUSION

Plaintiffs' claims fail as a matter of law. Ms. Chacon, a government official acting as Special Prosecutor in her judicial role, is entitled to both absolute, prosecutorial immunity and qualified immunity. Plaintiffs failed to meet its burden to show that Ms. Chacon's actions violated any "clearly established" constitutional or statutory right. Plaintiffs' claims are therefore precluded as a matter of law and summary judgment is appropriate.

Wherefore Ms. Chacon respectfully requests the Cout enter an Order finding she is immune from suit, entering summary judgment on the remaining claims asserted against her, dismissing her as a party-Defendant hereto, and awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,
**GARCIA LAW GROUP, LLC**

*/s/ Alyxandria C. Romero*
Bryan C. Garcia
Alyxandria C. Romero
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
aromero@garcialawgroupllc.com
*Attorneys for Defendant Valerie Chacon*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was submitted through the CM/ECF system for e-filing and electronic delivery on **June 22, 2026,** to all of the individuals registered for service reflected in the Notice of Electronic Filing.

*/s/ Alyxandria C. Romero*
Alyxandria C. Romero