## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALENA GERHARDT,
TYRIN PACHECO,

       **Plaintiffs,**

                      **No. 2:25-cv-00110-DHU-GBW**

v.

THE CITY OF HOBBS,
MATTHEW OLENICK,
ANDREW LANE,
DAVID TORRES,
VALERIE CHACON, and
THE FIFTH JUDICIAL
DISTRICT ATTORNEY'S
OFFICE,

       **Defendants.**

### PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE AND FOR EXTENSION OF TIME TO FILE REPLY BRIEF

Plaintiffs Alena Gerhardt and Tyrin Pacheco ("Plaintiffs") file this Response to the Motion for Leave and for Extension of Time to File Reply Brief [Dkt. #81], filed by Defendants City of Hobbs, Matthew Olenik, Andrew Lane, and David Torres, and in support state as follows:

### RESPONSE

Plaintiffs' counsel is mindful of the need for professional courtesy and reasonable extensions of deadlines. We are all human beings, and busy ones at that. But courtesy should not overrule professional obligations to a client. The relevant events happened nearly two years ago, on July 13, 2024, and wrecked Plaintiffs' lives,

1

particularly Ms. Gerhardt, who lost her drivers' license and her job over what officers did to her.

Since filing this case on February 3, 2025, Plaintiffs' opportunity for recompense has been delayed time and time again. The settlement conference was vacated as Defendants wanted to give their summary judgment arguments a shot. *See* Dkt. #47. At Defendants' request, the dispositive motion deadline was moved from February 16, 2026, to April 16, 2026. *See* Dkt. #57.

On April 8, 2026, Defendants moved to postpone the dispositive motion deadline, *again*, this time all the way to July 31, 2026. Dkt. #58. Similar to here, Defendants' argument was essentially a hand wave that since no trial date is set, the parties have all the time in the world. Plaintiffs opposed this request, and the Court compromised and moved the deadline to May 22, 2026. Dkt. #60. Defendants have moved to stay discovery, too, given their invocation of qualified immunity. Dkt. #80.

Defendants now seek an extension all the way until July 21, 2026, to file a reply brief that is limited by the local rules to 12 pages. *See* L.R. 7.5. This delay will in turn delay submission of a notice of completion of briefing under Local Rule 7.4(e). This is one delay too many. Plaintiffs appreciate Defendants' counsel's busy schedule. Plaintiffs' counsel also has a busy schedule. But summary judgment deadlines are not a mystery. The arguments Plaintiffs raised in their summary judgment response were hardly unexpected or novel. And 12 pages is not that long. Respectfully, Defendants' counsel could have taken the time it took to write their Motion and written the reply brief, instead.

Plaintiffs submitted *two* summary judgment Responses within the 14 days allowed by the rules, on June 5, 2026.  With the Juneteenth holiday, Defendants already had an extra three days to submit their Reply, to Monday, June 22.  Plaintiffs agreed to an additional two days, to June 24 (which other Defendants were able to comply with).  Defendants' initial Motion was 42 pages.  It is difficult to see how an optional 12-page reply could meaningfully add to the debate or move the needle, regardless of how much extra time Defendants are granted to write it.

June 24, 2026

Respectfully submitted,

WGLA, LLP

 _/s/ Curtis Waldo_____
Benjamin Gubernick
Curtis Waldo
WGLA, LLP
717 Texas Aven. Suite 1200
Houston, TX 77002
ben@wglawllp.com
curtis@wglawllp.com
(346) 277-0287
(346) 394-8056
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on opposing counsel on June 24, 2026.

 _/s/ Curtis Waldo_____
Curtis Waldo

3